HOBBY *et al. vs.* ALFORD *et al.*

1. The Code, §3836, dispenses with proof of the execution of deeds, when drawn by notice from the other side. There was no error in so ruling, and admitting the deeds over objections to the proof of execution.
2. There need not be a demise laid on each deed before admitted in evidence.
3. There must be written color of title to entitle a party to prescribe for land and make his prescription of seven years avail. Therefore his prescription only runs from the date of his written color. Code, §2683.
4. The better practice is to let the jury retire, and not to direct a verdict; but if the case be perfectly clear on facts, the plaintiff in error is not hurt, and the case will not be sent back, because it could not change the verdict.
Judgment affirmed.

September 16, 1884. (Head-notes by the court.)

JACKSON, Chief Justice.

[Ejectment was brought on the demise of the heirs at law of " C. Bellinger," and of O. H. Alford, against Isaac Hobby, on August 10, 1876. Eli Sikes was made a party defendant. At the October term, 1879, plaintiffs amended by adding " Peter " before " C. Bellinger." Defendant Hobby pleaded the general issue and prescription, alleging

that the insertion of the word "Peter" made a new party, and that before that time he had held the necessary possession under color of title.

Under the charge of the court, the jury found for plaintiffs. Defendants moved for a new trial, on the following grounds:

(1.) Because the court allowed plaintiffs to introduce in evidence any of the deeds in the chain of title, except those in the names of persons from whom demises were laid.— The objection was that a separate demise should be laid on each conveyance put in evidence.

(2), (3), (4.) Because the court admitted in evidence a deed from one New and wife to J. T. Bellinger; also certain other deeds in plaintiffs' chain of title.—The objection in each case was that the deeds were not properly attested and probated. (Counsel for plaintiffs stated in his place that, on a former trial of the case, he had delivered the deed to defendants' attorney under order of the court; that defendants' attorney put it in evidence, and that the case was continued pending the trial; also that, at the trial term, a notice had been served by one of defendants' attorneys on one of the attorneys for plaintiffs, calling on him to produce all the chain of title "down to and including one Grantham, or the party whom you represent, to be used as evidence in the above stated case for the defendant;" that he delivered all the plaintiffs' titles to counsel for defendants under this notice, and that the latter soon handed them back to him, saying that they were not the papers that he called for. Counsel for defendants stated that he had heard that Alford, in whose name the last demise in the declaration was made, did not own the land sued for; that his object was to obtain the deed (if any) out of Alford, and not to prove title into him; and that as soon as he discovered that there was no title out of Alford, he made no further examination, but handed the deeds back to the attorney for plaintiffs, with the statement that they were not what he called for.)

(5.) Because the court erred in charging that the statute of limitations (prescription?) only ran from the date of defendant's deed to the filing of the declaration, and not to the amendment made thereto, adding " Peter " before " C. Bellinger."—Defendants insist that this introduced a new party, and that the statute ran until that time. [Defendants relied upon prescription, which was incomplete at the time the original suit was brought, but which would have become complete, if it ran until the making of the amendment.]

(6.) Because the court erred in the following practice: In about ten or fifteen minutes after the jury retired, the court sent for them, and asked if they had agreed upon a verdict, and upon their answering in the negative, he asked why they could not agree in so plain a case, and ordered the foreman to sit down and write a verdict for the plaintiffs. The latter responded that he could not do so; whereupon the court directed the plaintiffs' counsel to write it, which was done, and it was signed and returned. (Appended to this ground is a statement that the plaintiffs having introduced a complete chain of title, the court considered it better to direct a verdict, and not embarrass the jury with the consideration of questions as to whether the deeds were properly admitted before them or not, all other attacks upon them having been withdrawn, except those mentioned in this motion for new trial.)

The motion was overruled, and defendants excepted.]