## COTHRAN *vs.* THE CITY OF ROME.

On August 15th, 1884, suit was brought on certain change-bills or promises, ranging in amount from fifteen cents to two dollars, and of the following form:

"No. 260. ROME, GA., August 20th, 1862.—The city treasurer of Rome will pay the bearer one dollar in current funds when the sum of five dollars or upwards is presented:"

*Held*, that the action was barred by the act of March 16, 1869.

(*a.*) The issuing of them was illegal under the act of December 10, 1841.

(*b.*) Where there is no conflict in the evidence, the court may direct a verdict, and a new trial will not be granted because it is so ordered.

(*c.*) The cases of *Shorter et al. vs. City of Rome; Black et al. vs. Cohen et al.*, 52 *Ga.* 621, are upon bond, and unlike the case at bar.

December 21, 1886.

Statute of Limitations. Contracts. Municipal Corporations. Money. Practice in Superior Court. Before Judge BRANHAM. Floyd Superior Court. September Adjourned Term, 1885.

To the report contained in the decision, it is necessary to add only that on the trial in the superior court, a verdict was rendered for the defendant, and the plaintiff moved for a new trial, on the following among other grounds:

(1.) Because the court directed the jury to find a verdict for the defendant.

(2.) Because the court instructed the jury that they might render their verdict in the box without leaving their seats, where the case was submitted, instead of permitting them to retire to their room and make up their verdict in private.

(3.) Because the court refused to charge as follows: "In order to fix a point at which the statute of limitation would begin to run in favor of defendant, it must be shown by the evidence that the plaintiff, more than six years before the filing of this suit, presented said bills, and demanded payment thereof in sums of five dollars or upwards."

(4.) Because the court erred in ruling, during the progress of the trial, that the demand of payment of said bills and proof thereof did not enter into this case, and such question could not be raised therein.

The motion was overruled, and the plaintiff excepted.

HENRY WALKER, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, for defendant.

JACKSON, Chief Justice.

This is an action brought by H. D. Cothran against the city of Rome, upon sundry change-bills or promises, one of which is as follows:

"No. 260.                  ROME, GA., August 20th, 1862.

The city treasurer of Rome will pay the bearer one dollar in current funds when the sum of five dollars or upwards is presented.

                     T. J. WORD, Mayor."

The presiding judge, among other rulings excepted to, held that the bills or promises were barred by the statute of limitations, suit being brought first in the justice court, on the 15th day of August, 1884, and on appeal tried in the superior court.

It is clear that the suit upon these change-bills, of which the above is a copy—some being for one dollar, as that copy is, and others two dollars, and others twenty-five cents, and one fifteen cents,—is barred by the limitation act of the 16th of March, 1869, said suit not being brought upon them before the 1st of January, 1870. Moreover, the issue

of them was illegal.    Acts of 10th December, 1841, Cobb's Digest, p. 847.

In such cases, there being no conflict of evidence, the court may direct the verdict, and no new trial will be granted because it is ordered.    73 *Ga.* 791.

The cases of *Shorter et al. vs. The City of Rome*, and *Black et al. vs. Cohen et al.*, in 52 *Ga.* 621, are upon bonds, and wholly unlike the case at bar.

Judgment affirmed.