LAING *v.* THE MAYOR AND COUNCIL OF AMERICUS.

1. Without express statutory authority, a municipal government cannot grant to any person the right to erect and maintain in a public street a structure, such as a permanent fish-box, for his private and exclusive use.
2. The charter of Americus invests the city council with full power to clear the streets of all obstructions, and this power may be exercised summarily and without granting a preliminary hearing, after notice to remove and refusal.
3. A license from the city to carry on the business of a fish dealer, etc., gives no vested right to keep a box in the street and use it in the business.
4. Where the whole case turns upon a question of law, which is decisive of its merits, the court may direct a verdict for the defendant. Even if this be irregular, it is no cause for a new trial where a recovery would be impossible.

March 4, 1891. Argued at the last term.

Municipal corporations. Streets. License. Practice. New trial. Before Judge ROBERTS. Sumter superior court. November adjourned term, 1889.

Reported in the. decision.

SIMMONS & KIMBROUGH, L. J. BLALOCK and HOYL & PARKS, for plaintiff.

B. P. HOLLIS, E. A. HAWKINS and HARRISON & PEEPLES, for defendant.

BLECKLEY, Chief Justice.

The plaintiff located his fish-box, a structure nine feet long, three feet wide and two and one half feet high, in one of the public streets of Americus, intending it to be permanent and believing that he had the con-

sent of the city council so to do. Certain members of the street committee of the council gave their consent expressly, co-operated with him in selecting the site, and gave direction as to how and where the contrivance for drainage of the box should be placed. Considerable expense was incurred by the plaintiff in procuring the box, putting it in position and supplying it with the needful apparatus for drainage. He was a licensed fish dealer and restaurant keeper, and renewed his license whilst using the box in connection with his business. The renewed license had a considerable length of time to run when the city, in January, 1888, after the box had stood in the street for about fifteen months, removed it without his consent and in spite of his objection. This was not done, however, until after he had been notified to remove it and had positively refused to do so. Having no place on any premises under his control on which such a box could be located, he could make no further use of it in his business, and the result was, that his business as a fish dealer was broken up. He brought his action against the city for damages, and after hearing all the evidence offered by both parties, the court directed the jury to return a verdict for the defendant.

1. It is not pretended that the municipal government of Americus had any express statutory authority to farm out the public streets to fish dealers or to any one else. Without such authority, they could not grant to any citizen the right to maintain a permanent structure for private use in any of the streets. 2 Dill. Mun. §660. Any license, therefore, which the city granted or could grant to the plaintiff to occupy the street with his fish-box was necessarily temporary and revocable. Even if both parties had intended it to be permanent, such intention would be of no effect. So far from there being cause for complaint that the structure was al-

lowed to stand only fifteen months, it was a matter of indulgence to the plaintiff, and something to which he had no legal right, that it was allowed to be placed there at all. His real grievance is that he made a mistake in supposing that he was securing a right which the city authorities had no power to confer upon him. In dealing with public agents, every person must take notice of the extent of their powers at his peril; and only by gross neglect to inform himself could any one having the requisite capacity to deal in fish fall into the error of supposing that he could acquire for his own exclusive use the right to occupy permanently sixty-seven cubic feet of space in a public street. It matters not that a permanent structure for private enjoyment in a street or highway is confined to a part little used or not used at all, it becomes a nuisance as an encroachment upon the public right. Elliott Roads & Streets, 477 *et seq.;* Wilbur *v.* Tobey, 16 Pick. 177; Emerson *v.* Babcock, 66 Iowa, 257; The State *v.* Berdetta, 73 Ind. 185. It was no reason for not removing the obstruction that the plaintiff had incurred expense in erecting and maintaining it. Winter *v.* City of Montgomery, 83 Ala. 589, 3 So. Rep. 235. The suggestion that the city would be estopped, as in *City of Atlanta* v. *Gate City Gas Co.*, 71 *Ga.* 107, is without relevancy, for in that case the gas company had a charter from the legislature; the city had power to give consent, and consequently could be estopped from denying that it had given it. And where the power to consent exists and has been exercised, the city may be estopped to revoke needlessly and to the injury of the other party. Town of Spencer *v.* Andrew (Iowa, 1891), 47 N. W. Rep. 1007.

2. The charter of the city of Americus, section 20, declares that the said Mayor and Council of Americus shall have full power and authority to remove or cause to be

removed, any building, posts, steps, fence or other obstruction, or nuisance, in the public streets, lanes, alleys, sidewalks, or public squares of the city.   Acts 1873, p. 114.   This power was ample, and was duly exercised in the present instance.   The plaintiff was notified according to the city ordinance to remove the box, and refused to do it.   On the facts in evidence, looking to his testimony alone, there was good cause for removing it, and his complaint that he was denied a hearing by the city council is of no significance.   To abate nuisances elsewhere than in the public streets, a preliminary hearing would generally be necessary; but to clear the streets of palpable obstructions, no such hearing is required.   The plaintiff has now had a full hearing in the superior court, and has failed to show any legal reason why his box should remain in the street.   It was not the want of a hearing, but the lack of any legal right that exposed him to loss.

3. The plaintiff's license as a fish dealer or a restaurant keeper did not confer any right upon him to use the street permanently and exclusively as an annex to his premises and an adjunct to his business.   We have referred to the transcript of the record of file here in the case of *City of Atlanta* v. *Dooly*, 74 *Ga*. 702, and find that the bill-board involved in that case was located upon private property extending along the margin of the street, and not upon the street itself or sidewalk.   It was that circumstance that made the ruling in that case correct.   The license granted to Dooly as a bill-poster was not claimed to comprehend the right of maintaining bill-boards in the public streets, but only to cover the privilege of exercising the business on adjacent lands.   The city officials seized and removed a board thus located.   No act of merely clearing obstructions out of a street was under consideration in that case.

4. After all the evidence was in, the plaintiff's right

to recover turned exclusively upon a question of law. That question was against him. It was not possible for the jury to render any verdict in his favor which could be upheld. This being so, no good reason occurs to us why the court could not direct a verdict for the defendant. But even if such direction was irregular, it was harmless, and it would be idle to require a new trial. *Hobby* v. *Alford*, 73 *Ga.* 791; *Cothran* v. *Rome*, 77 *Ga.* 582. Construing the evidence most favorably for the plaintiff, and treating all conflict in it as settled adversely to the defendant, the verdict was correct.

*Judgment affirmed.*