## McCrary Company v. City of Glennville.

Gilbert, J. 1. Where a contractor enters into a contract with a municipal corporation for the construction and equipment of a light and water plant under a written agreement whereby some of the contract price is to be paid in instalments through a series of years after the contract is completed, the effect of such contract is to create a debt within the meaning of article 7, section 7, paragraph 1, of the constitution of this State (Civil Code, § 6563), which limits the power of municipalities to contract debt, and is prohibited by that provision of the constitution. *Renfroe* v. *Atlanta*, 140 *Ga.* 81 (78 S. E. 449, 45 L. R. A. (N. S.) 1173).

2. Where the contract also provides for retention of title in the contractor until the contract price is fully paid, for delivery of the plant after its completion to the municipality as lessee, and for a rental of one dollar per annum until all the deferred payments for the contract price have been made, which when done shall cause title to the property to vest immediately in the municipality, the contract is one of conditional sale as distinguished from a mere lease. *Hays* v. *Jordan*, 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373); *Ross* v. *McDuffie*, 91 *Ga.* 120 (16 S. E. 648); *North* v. *Goebel*, 138 *Ga.* 739 (76 S. E. 46).

3. Under former decisions of this court, where a contractor constructed and installed a light and water plant in pursuance of an executory conditional contract of sale as described in the preceding notes, and delivered physical possession to the municipality, his right of action to recover the property or to enforce the payment of the contract price by the city was necessarily dependent upon the agreement by which title was reserved in him; and that agreement, being contrary to the express provisions of the constitution, was illegal and not enforceable in law or equity. *Abbott Furniture Co.* v. *Mobley*, 141 *Ga.* 456 (81 S. E. 196); *Sewell* v. *Norris*, 128 *Ga.* 824 (58 S. E. 637, 13 L. R. A. (N. S.) 1118); *Bugg* v. *Towner*, 41 *Ga.* 315; *Thompson* v. *Cummings*, 68 *Ga.* 124 (2); *Watkins* v. *Nugen*, 118 *Ga.* 372 (45 S. E. 262); *Butts County* v. *Jackson Bkg. Co.*, 129 *Ga.* 801, 811 (60 S. E. 149, 15 L. R. A. (N. S. 567, 121 Am. St. R. 244); *Garrison* v. *Perkins*, 137 *Ga.* 744 (3) (74 S. E. 541).

(a) A contrary result was reached in the cases of *Chapman* v. *Douglas County*, 107 U. S. 348 (2 Sup. Ct. 62, 27 L. ed. 378); *City of Bardwell* v. *Southern Engine Boiler Works* (Ky.), 113 S. W. 97; and cases in other jurisdictions; but they are not controlling.

4. Applying the principles above announced, there was no error in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 1075. September 3, 1919. Rehearing denied October 1, 1919.

Equitable petition. Before Judge Sheppard. Tattnall superior court. July 1, 1918.

The petition alleges that in 1913 the City of Glennville desired to procure a system of electric lights and waterworks. It contracted with the J. B. McCrary Company to construct the same. The contract provided that title to the system should be retained by the

McCrary Co. until it was fully paid for. One Dec. 3, 1914, the city found it impracticable, or legally impossible, to make the payments required of it under the original contract. The McCrary Co. was unwilling to complete and deliver the system without payment. At this point a second contract was made. It recites the making of the contract of Dec. 23, 1913; that the McCrary Co. has furnished material and proceeded with the erection of the system to a point nearing completion; that under the original contract the city agreed that payment should be made in part by the sale of bonds issued for that purpose by the city, and the balance as set forth in the contract of Dec. 23, 1913; that it is impracticable to comply with the terms of said contract by having the banks carry the amounts specified; that the McCrary Co. has refused to complete the system except upon compliance by the city with the terms of payment; that the city is unable to make these payments; that the mayor and council of the city have, by formal resolution passed in conformity with law, authorized the execution and delivery of this contract (Dec. 3, 1914). This contract further recites that of the original contract price the city has paid all but a balance of $4851.21. It stipulates that the McCrary Co. will complete the system and deliver it to the city to be used by it, and that the city shall pay an annual rental of $1.00; that title is to remain in the McCrary Co.; that for the balance remaining unpaid on the original purchase-price the city shall give its check for $247.17, and four notes for stated amounts due Dec. 10, 1914, Jan. 10, 1915, Dec. 10, 1915, and Dec. 10, 1916; that the rental provided for shall continue until all of said notes are paid, and that when this is done all amounts paid as rental shall be deducted from the notes; that upon failure of the city to pay said notes the McCrary Co. shall have the right to enter upon the premises, remove all material, and sell the same, proceeds to be applied to the expense of sale, the debt due by the city to the McCrary Co., and any balance remaining to be turned over to the city. (The contract of Dec. 23, 1913, is not in the record, and it does not appear how the payments were to be made.) The petition also alleges that all of the notes given under the contract of 1914 have fully matured; that there is a balance of $3802.04 due thereon which the city refuses to pay; that the city refuses to deliver the property to the McCrary Co.; that the McCrary Co. has the legal title

as well as the right of possession; that the question of whether the indebtedness is legally enforceable against the city otherwise than through the right of the McCrary Co. to retain title to the property until the money is paid is not material to its case, but that upon payment of said notes in accordance with the terms of the contract it will release to the City of Glennville all its right, title, and interest in the property and otherwise do full and complete equity; that the action is brought for the purpose of recovering possession of the property, and that the court may determine the respective rights of the parties; that the reasonable rental value of the property is $2500 per annum, and that the city is earning through its use $3000 per annum or other large sum; that these earnings are being appropriated by the city to its uses and purposes, and that the plaintiff is entitled to have the same appropriated to it; that for the McCrary Co. to take possession of the property, or to cause the same to be levied upon, without regard to the use to which the city is devoting the same and the physical connections of the same to the property of private persons and consumers of the light and water, would greatly detract from its value; that it is necessary for the protection of the McCrary Co., as well as the city, that a receiver be appointed to take possession of the system, operate the same, collect and hold the earnings subject to appropriation to payment of plaintiff's claim or otherwise as the court may direct, and to sell the property, or otherwise dispose of it, or turn it over to plaintiff, as the court may direct. The prayers are: (1) for a decree establishing the title of the McCrary Co. and its right of possession; (2) that the court adjust the equities between the parties, and by its process and decree compel the city to either pay the balance under the contract or surrender the property on such terms as may be equitable; (3) for the appointment of a receiver to take charge of the property and operate or sell the same as the court may order; (4) for general relief, and (5) for process.

The petition was demurred to upon the grounds: (1) no cause of action is set forth; (2) under the facts stated the plaintiff is not entitled to any relief; (3) so much of the petition as seeks the appointment of a receiver is specially demurred to, because the facts stated do not authorize the same; (4) the petition does not show that the claim or demand was presented to the governing

28

authorities of the city before bringing suit.  The demurrer was sustained and the petition dismissed.  The plaintiff excepted.

*Little, Powell, Smith & Goldstein,* for plaintiff.

*James K. Hines,* for defendant.