## DOBBS *et al. v.* BRUMBY *et al.*

PER CURIAM. By an act of the General Assembly approved August 20, 1906 (Acts 1906, p. 846), the Mayor and Council of the City of Marietta were authorized to call an election and to submit to the qualified voters of said city the question, whether or not bonds shall be issued by the City of Marietta in a sum not to exceed $80,000, " to be sold for the purpose of purchasing, establishing, maintaining, building, and acquiring a system of waterworks for said City of Marietta." By section two of the act it was provided that if said election resulted in favor of the issuance of the bonds, " the proceeds thereof shall be used for the purpose of purchasing, establishing, maintaining, building, and acquiring a system of waterworks for said City of Marietta, and for no other purpose." Provision was made for the assessment, levy, and collection of an annual tax by the Mayor and Council of the City of Marietta to pay the interest and principal of the bonds. Section five of the act provides: " That, for the purposes of this act, there shall be created a board of lights and waterworks, which is hereby declared . and created a body corporate, with all the powers incident to and necessary to its duties, and which has the right to sue and be sued, and the power to make all contracts and obligations necessary to the duties that devolve upon it." The board as created shall consist of the mayor of the city ex officio, and the chairman of the committee of water and lights from the council of the city, and three named citizens of the city; the successors to the three named commissioners to be elected by the mayor and council, as provided in the act. The clerk of the city council is made ex officio clerk of the board. With reference to the· express powers of the board, the act provides: " Said board. of lights and waterworks shall have charge of the creation, building, operation, and supply of water for the City of Marietta, and to have all the powers now vested in the mayor and city council for this purpose. They shall make all contracts for the lights and water supply for the City of Marietta, shall have power to regulate the water and light rates in the city, and shall supply the people of said city with water at a fair and equitable rate. They shall have power to make any and all contracts with any other company supplying water to the city,

and to do any and all things necessary to the carrying out of the objects of this bill. Said board of lights and waterworks shall take the proceeds of any bonds sold for the purpose of erecting a system of waterworks and build and erect such waterworks to the best advantage of the city, and to this end, if they think best and proper, can purchase and acquire any property now owned and operated by any other company." By an act of the General Assembly approved August 14, 1909 (Acts 1909, p. 1099), the act of 1906 creating the board of lights and waterworks was amended. By this amendment the board was given additional power to " purchase, establish, maintain, build, and acquire a system of sewerage of said City of Marietta," and " to receive and disburse all funds arising from the sale of bonds of the City of Marietta for sewerage, waterworks, and light purposes, and to receive and disburse all subsequent appropriations and revenues acquired or derived in the operation and maintenance of said system of lights, waterworks, and sewerage." The board was also given the power to elect a treasurer, fix his salary, and to require a bond from him; and the act provided that " No funds shall ever be paid out by said treasurer except upon vouchers regularly passed upon by said board of water and lights, drawn by the clerk of said board and countersigned by its chairman." *Held*:

1. The board of lights and waterworks of the City of Marietta is a subsidiary or auxiliary commission of the municipality.

2. Where the board of lights and waterworks of the City of Marietta, after establishing a light and waterworks plant for the city, using for that purpose the proceeds of bonds duly issued by the city, enters into a contract with a competing company for the purchase of the franchise of the competing company, its good will, its contracts with its customers, and certain designated physical property of the company, whereby the contract price is to be paid in instalments through a series of years after the contract is completed, and from money illegally borrowed with which to make a cash payment under such contract, the effect of such contract is to create a debt within the meaning of article 7, section 7, paragraph 1, of the constitution of this State (Civil Code, § 6563), which limits the power of municipalities to contract debts, and is prohibited by that provision of the constitution.

3. Under the stringent provision of our constitution quoted above and the decisions of the Supreme Court construing and applying it (see *McCrary Co.* v. *Glennville*, 149 *Ga.* 431, 100 S. E. 362, and cit.), it is immaterial whether the consideration of such contract is the agreement of the selling company to " cease operating its plant in the City of Marietta," or whether the consideration is the franchise of the selling company, its good will, its list of customers, and designated physical property of a stated value. That the contract was advantageous to the board or city is likewise immaterial.

4. While the-former decision in this case (*Brumby* v. *Board of Lights and Waterworks*, 147 *Ga.* 592, 95 S. E. 7) was predicated in part on the allegation in the petition to the effect that the contract with the selling company was made merely for the purpose of inducing it

"to cease doing business in the city" as a competitor, which was there held to be sufficient as against the demurrers, it is also conclusive upon the questions ruled above; and the court did not err in striking the amendment to the answers filed by the plaintiffs in error, in which it was averred that the real consideration of the contract was the transfer by the selling company of its franchise, its good will as a solvent concern, its contracts with its customers to furnish light and current, and certain physical property, all of a stated value; that the contract was an advantageous one to the board and the city; and that subsequently to the making of the same the board had earned large net profits from the operation of its plant. The issues of fact raised by the pleadings being immaterial, there was no error in directing a verdict for the plaintiff as prayed by him, and in entering a decree thereon enjoining the defendants as prayed.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the judgment on the ground that in his opinion the case is controlled by the decision rendered by the majority when the case was here on a former occasion. 147 *Ga.* 592 (supra).

No. 1757.  OCTOBER 2, 1920.

Equitable petition.  Before Judge Wright.  Cobb superior court.  November 19, 1919.

*George F. Gober, Anderson, Rountree & Crenshaw, Herbert Clay,* and *Abbott & Wallace,* for plaintiffs in error.

*J. Z. Foster,* contra.