## MAYOR AND ALDERMEN OF SAVANNAH *v.* MARKOWITZ.

1. A municipality can not grant to any person the right to erect or maintain a structure or obstruction in a public street, without express legislative authority.
2. Under section 3 of an act approved August 16, 1915 (Acts 1915, p. 825) which grants " authority to regulate the use of the streets of the City of Savannah for business purposes," express legislative authority is not given the Mayor and Aldermen of the City of Savannah to grant the right to erect or maintain a gasoline-filling station in a public street within the City of Savannah. Nor is such authority conferred by the act of the legislature of 1893 (Acts 1893, p. 307). whereby the City of Savannah is authorized to charge reasonable compensation to telegraph, telephone, railroad, and light companies for the use of its streets, lanes, public ways and thoroughfares.
3. The petition did not set out a cause of action, and the court erred in overruling the demurrer.

No. 3409. JULY 10, 1923.

Equitable petition. Before Judge Meldrim. Chatham superior court. August 2, 1922.

N. Markowitz filed his petition against the Mayor and Aldermen of the City of Savannah, seeking to enjoin the defendant from installing a certain fire-plug in front of the premises of plaintiff, described in the petition, and from revoking a certain permit alleged to have been issued by the defendant to the plaintiff to install two gasoline-tanks and pumps on the sidewalk in front of plaintiff's premises. On May 3, 1921, the trial judge granted an order restraining the defendant from installing the fire-plug, and did not restrain defendant from revoking the permit, and directed the defendant to show cause on May 7, 1921, why the prayers for temporary injunction should not be granted. The defendant filed its general demurrer to the petition; and the bill of exceptions recites that the defendant also filed an answer; " from which answer it appeared that it was no longer the purpose of the defendant to install such water-plug, and that defendant had legally withdrawn the permission previously granted petitioner to install such gasoline-tanks and pumps, by appropriate resolution of council on May 7, 1921, and that therefore nothing was done at the time set for said interlocutory injunction hearing, and on July 24, 1921, the general demurrer of the defendant was withdrawn." On April 6, 1922, the plaintiff filed an amendment to his petition which was allowed by the court, seeking to recover damages of the defendant in the sum of $2242 in the event a permanent injunction should be granted, and $1500 in the event a permanent injunction should not be granted, it being alleged that the amount of $2242 was expended by plaintiff for two gasoline-tanks, two pumps, express charges on same, register box, and fixtures and accessories for same, and that the $1500 represented the difference between the market value of the machinery and fixtures and the cost of the same to the plaintiff. On April 6, 1922, the defendant filed its general demurrer and special demurrers to the petition as amended, the grounds of general demurrer being: (1) That the petition as amended fails to set forth any equitable cause of action against the defendant. (2) That the matters and things set forth in the petition as amended show that there is no equity therein. (3) That the petition as amended is vitally defective, in that it fails to aver or disclose that within six months from the happening or infliction of the injury complained of, the plaintiff gave notice to the defendant of such injury, in writing, stating in

such notice the days and place of the happening or infliction of such alleged injury, and the amount of damage claimed therefor, as required by act of the General Assembly of Georgia of 1915 (Ga. L. 1915, p. 825). 4. That the petition is vitally defective, in that it fails to allege or disclose that before the filing of this suit the plaintiff presented in writing his alleged claim to the governing authority of the defendant municipality for adjustment, stating the time, place, and extent of such alleged injury, as nearly as practicable, and the alleged negligence which caused the same, as required by the act of the General Assembly of Georgia of 1899 (Ga. L. 1899), p. 74). On August 2, 1922, the trial judge passed an order overruling the demurrers, except the special demurrer, which was sustained with the right to the plaintiff to amend in ten days to meet the demurrer; otherwise the petition was to be dismissed. This special demurrer was duly met by amendment within the time allowed. To the overruling of the grounds of general demurrer the defendant excepted.

*Shelby Myrick* and *Edwin A. Cohen,* for plaintiff in error.

*Frederick T. Saussy* and *Charles E. Donnelly,* contra.

HILL, J. (After stating the foregoing facts.) The controlling question in this case is whether the Mayor and Aldermen of the City of Savannah had charter authority to grant a permit to the defendant in error to erect and operate a gasoline-filling station on his premises and the sidewalk adjacent thereto. The Civil Code (1910), § 894, provides that " Without express legislative authority, a municipality can not grant to any person the right to erect or maintain a structure or obstruction in a public street." It is contended by the defendant in error, Markowitz, that the mayor and aldermen had such authority under the act approved August 16, 1915 (Acts 1915, p. 825), which was an act to amend the several acts relating to the incorporation of the City of Savannah. Section 3 of that act provides that " The said mayor and aldermen shall have full power and authority to regulate the use of the streets of the City of Savannah for business purposes, and no person, firm, or corporation shall have the right to use the streets of said city of Savannah for business purposes without first obtaining the consent and license of the Mayor and Aldermen of the City of Savannah." We are of the opinion that neither this section of the act nor any other portion of it grants authority to

the mayor and aldermen to erect or maintain a structure or obstruction in the public streets of the City of Savannah. Under that charter amendment they have authority to regulate the use of the streets for business purposes, but express authority is not granted to the mayor and aldermen of the city to issue a license or permit to erect or maintain a structure or obstruction on the sidewalks of the city, such as is contemplated in the present case.

In the case of *Laing* v. *Americus,* 86 *Ga.* 756 (13 S. E. 107), this court held that "Without express statutory authority, a municipal government cannot grant to any person the right to erect and maintain in a public street a structure, such as a permanent fish-box, for his private and exclusive use," In delivering the opinion of the court in that case Bleckley, Chief Justice, said: "It is not pretended that the municipal government of Americus had any express statutory authority to farm out the public streets to fish dealers or to any one else. Without such authority, they could not grant to any citizen the right to maintain a permanent structure for private use in any of the streets. 2 Dill. Mun. Corp. § 660. Any license, therefore, which the city granted to the plaintiff to occupy the street with his fish-box, was necessarily temporary and revocable. Even if both parties had intended it to be permanent, such intention would be of no effect. So far from there being a cause for complaint that the structure was allowed to stand only fifteen months, it was a matter of indulgence to the plaintiff, and something to which he had no legal right, that it was allowed to be placed there at all. His real grievance is that he made a mistake in supposing that he was securing a right which the city authorities had no power to confer upon him. In dealing with public agents, every person must take notice of the extent of their powers at his peril; and only by gross neglect to inform himself could any one having the requisite capacity to deal in fish fall into the error of supposing that he could acquire for his own exclusive use the right to occupy permanently 67 cubic feet of space in a public street. It matters not that a permanent structure for private enjoyment in a street or highway is confined to a part little used, or not used at all; it becomes a nuisance as an encroachment upon the public right. Elliott, Roads & Streets, 477, et seq.; Wilbur *v.* Tobey 16 Pick. 177; Emerson *v.* Babcock, 66 Iowa, 257; The State *v.* Bur-

detta, 73 Ind. 185. It was no reason for not removing the obstruction that the plaintiff had incurred expense in erecting and maintaining it. Winter v. City of Montgomery, 83 Ala. 589 (3 So. 235). The suggestion that the city would be estopped, as in *City of Atlanta* v. *Gate City Gas Co.,* 71 *Ga.* 107, is without relevancy, for in that case the gas company had a charter from the legislature; the city had power to give consent, and consequently could be estopped from denying that it had given it. And where the power to consent exists and has been exercised, the city may be estopped to revoke needlessly and to the injury of the other party. Town of Spencer v. Andrew (Iowa, 1891), 47 N. W. Rep. 1007."

In the case of *City Council of Augusta* v. *Burum,* 93 *Ga.* 68 (19 S. E. 820, 26 L. R. A. 340), this court held that " As the municipal government could not, in the absence of express legislative authority, grant the right to erect and perpetually maintain awnings over the sidewalks of the city, the rightful existence of such awnings can be accounted for only on the assumption that they were erected under a license, express or implied, from such government; and however long they may have been in existence, their continuance must be referred to the original license, or to a renewal or repetition of the same. No lapse of time will render the license irrevocable;" etc. In Keyser v. Boise (1917), 30 Idaho, 440, L. R. A. 1917F, 1004, 165 Pac. 1121, it was held that a municipal corporation is without authority, in the absence of a legislative enactment expressly permitting it, to grant a private person or corporation a permit to erect or maintain a gasoline-pump in a street, and therefore its purported license for that purpose may be revoked at pleasure, although expense has ·been incurred on the faith of it. See annotations on " public regulation of gasoline-filling stations," to the case of Standard Oil Co. v. City of Kerney, 18 A. L. R. 101.

The defendant in error also calls attention to the act of 1893 (Acts 1893, p. 307), whereby the City of Savannah is authorized to charge a reasonable compensation to telegraph, telephone, railroad, and light companies for the use of its streets, lanes, public ways, and thoroughfares. But a municipality has no power other than that expressly given, and there is nothing in the act of 1893 (supra) which expressly confers upon the Mayor and Aldermen of

the City of Savannah authority to grant to persons or corporations the right to erect or maintain a structure or obstruction in the streets of the City of Savannah, other than those enumerated.

We reach the conclusion that the charter of the City of Savannah does not confer authority upon the Mayor and Aldermen of the City of Savannah to grant the license which was revoked in this case; and having no authority, it could be revoked; and even without revocation the authority granted was null and void. Having held that the permit to use the sidewalks for the purpose of erecting a filling station thereon was without authority and therefore void, the city is not estopped from revoking the license which it had no authority to grant. Having reached the conclusion that the plaintiff in the court below had no cause of action set out in his petition, it is unnecessary to decide whether he should have given the notice to the defendant of the alleged injury in writing, stating in such notice the days and place of the happening or infliction of such alleged injury, as required by the act of the legislature of 1915 (Acts 1915, p. 825.)

It follows from the foregoing that the court below erred in overruling the general demurrer to the petition.

<em>Judgment reversed. All the Justices concur.</em>