## 15205. MAGRILL *v.* CITY OF ATLANTA.

1. The unlawful obstruction of a public street in a municipality is a public nuisance.
2. A license from a city to carry on the business of a newsdealer "at No. — Peachtree and Marietta Streets" gives no vested right to erect or maintain in either or both of such streets, for use in such business, any stand which obstructs or impairs the public use of such streets.
3. Without express legislative authority, a municipality cannot grant to any person the right to erect or maintain in a public street a structure or device, such as a news stand, for his private or exclusive use.

    DECIDED MARCH 6, 1924. REHEARING DENIED APRIL 15, 1924.

Certiorari; from Fulton superior court—Judge Humphries. November 9, 1923.

Application for certiorari was denied by the Supreme Court.

*W. Paul Carpenter, Morris Macks,* for plaintiff in error.

*J. L. Mayson, J. M. Wood,* contra.

LUKE, J. Magrill was arraigned before the recorder of the City of Atlanta on a charge of "obstructing the street." From the evidence before the recorder it appears that the alleged obstruc-

tion consisted of a large news stand, "about the size of two automobiles," according to some of the witnesses, and not quite so large according to others. Though mounted on wheels, it was the defendant's regular place of business, and was regularly kept stationed, day and night, at one point on Marietta street designed for use by the general public. There was no evidence of any disorder of any kind in connection with the maintenance of the news stand, the sole ground of complaint being that the defendant sought to convert, and was converting, to his permanent private use a part of the street dedicated to public use. The business had been carried on for years at the same place, the defendant being annually licensed by the City of Atlanta to conduct therein the business of a news stand. He introduced in evidence the license for the period in controversy, the same being a license for a "news stand at No. — Peachtree and Marietta Streets, which authorizes said business from July 1st, 1922, to June 30, 1923," insisting that this license authorized him to keep and maintain the alleged obstruction in the street. At the conclusion of the evidence the recorder rendered the following judgment: "No. 1446. Coleman Magrill. Obstructing the Street. Feb. 1. The news-wagon standing on Marietta St., near Peachtree St., is hereby adjudged to be a nuisance; and it is ordered that said nuisance be abated within 24 hours." By certiorari Magrill complained that he was arraigned for one offense and convicted of another, and that his conviction was without any evidence to support it. He excepts to the judgment of the superior court overruling the certiorari.

1. The unlawful obstruction of a public street being a nuisance, there is no merit in the contention that the defendant was charged with one offense and convicted of another. *Hendricks* v. *Carter*, 21 *Ga. App.* 527 (2) (94 S. E. 807), and citations. "If the nuisance complained of exists in a city having a population of twenty thousand or more, the police court of such city, whether known as mayor's or recorder's court or otherwise designated, shall have jurisdiction to hear and determine the question of the existence of such nuisance, and, if found to exist, to order its abatement," etc. Civil Code (1910), § 5331.

2. The license introduced in evidence by the defendant does not support his contention that the city had licensed him to carry on the business of a newsdealer, much less erect or maintain an

obstruction *in a public street* of the city. Ordinarily the words
and blank, "at No. — Peachtree and Marietta Streets" would be
taken to refer. to some building at the intersection of the two
streets named, the number of the building being for some reason
not stated; but in no event can such words reasonably be so con-
strued as to purport to authorize the licensee to select at his pleas-
ure and permanently retain any part of either or both of the
streets so referred to.

3. But since the City of Atlanta. has no express legislative
authority to grant to any person such use of its public streets,
the license would be void and without effect even if it could and
should be construed as undertaking to license the defendant to
do the very thing he was doing. By section 894 of the Civil
Code (1910) it is declared that, "Without express legislative
authority, a municipality cannot grant to any person the right
to erect or maintain a structure or obstruction in a public street."
In the case of *Laing* v. *Mayor &c. of Americus,* 86 *Ga.* 756 (1)
(13 S. E. 107), the Supreme Court held: "Without express
statutory authority, a municipal government cannot grant to any
person the right to erect and maintain in a public street a struc-
ture, such as a permanent fish-box, for his private and exclusive
use." That decision is controlling here. The fact that the news
stand was on wheels, and the fish-box was not, is immaterial. The
two obstructions were alike violative of the law, because of their per-
manency, each taking a portion of a public street for the private
and exclusive use of an individual. See also *Mayor &c. of Savan-
nah* v. *Markowitz,* 155 *Ga.* 870 (118 S. E. 558).

The certiorari was properly overruled.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*