## A. L. GREENBURG IRON CO. v. CITY OF ABBEVILLE.

(Circuit Court of Appeals. Fifth Circuit. November 5, 1924. Rehearing Denied December 23, 1924.)

No. 4402.

**1. Municipal corporations ⬰878 — City held not liable for debt contracted without compliance with Constitution.**

Debt for culverts, contracted by city without popular vote, required by Const. Ga. art. 7, § 7, par. 1, *held* not recoverable on theory that city, having used culvert, was liable for value thereof independently of the invalid contract.

**2. Courts ⬰366(8)—Federal court, in determining city's obligation to pay debt incurred without compliance with state Constitution, will give effect to view of state's highest court.**

Federal court, in determining city's obligation to pay debt incurred in violation of state Constitution, will give effect to view of state's highest court.

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit by the City of Abbeville against the A. L. Greenburg Iron Company. Decree of dismissal, and plaintiff brings error. Affirmed.

Hal Lawson, of Abbeville, Ga., and J. E. Hall and Warren Grice, both of Macon, Ga. (Hall, Grice & Bloch, of Macon, Ga., on the brief), for plaintiff in error.

Eldridge Cutts, of Fitzgerald, Ga., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a suit to recover the value of certain culverts delivered by the A. L. Greenburg Iron Company, plaintiff, to the city of Abbeville, defendant. The petition alleges that on June 30, 1915, the city purchased culverts from the plaintiff, and delivered six warrants for the purchase price; the first warrant being for $500, payable December 12, 1915, and each of the others being for $755, payable one each year thereafter, up to and including the year 1920.

The petition alleges that a dispute arose as to the value of the culverts, which was settled on July 16, 1919, by the city issuing new warrants for 75 per cent. of the amount represented by the first warrants; the new warrants being payable in one, two, and three years. The city demurred on the ground, among others, that the transactions set out in the petition affirmatively disclosed an attempt to create a debt against a municipal corporation, in violation of paragraph 1 of section 7, article 7, of the Constitution of Georgia. The District Court sustained the demurrer, and dismissed the petition.

The constitutional provision invoked by the city is as follows:

"The debt hereafter incurred by any county, municipal corporation, or political division of this state, except as in this Constitution provided for, shall not exceed

seven per centum of the assessed value of all the taxable property therein, and no such county, municipality, or division shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein, without the assent of two thirds of the qualified voters thereof at an election for that purpose, to· be held as may be prescribed by law; but any city, the debt of which does not exceed seven per centum of the assessed value of the taxable property at the time of the adoption of this Constitution, may be authorized by law to increase, at any time, the amount of said debt, three per centum upon such assessed valuation."

The plaintiff concedes that this contract with the city was unauthorized, because it did not provide for a temporary loan, or a loan to supply a casual deficiency of revenue, and was not a debt created at an election, but contends that the city was liable for the value of the goods which it received, independently of the invalid contract. In support of this, position the plaintiff invokes the "principle of common honesty," and relies on. Butts County v. Jackson Banking Co., 129 Ga. 801, 60 S. E. 149, 15 L. R. A. (N. S.) 567, 121 Am. St. Rep. 244, and Chapman v. County of Douglas, 107 U. S. 348, 2 S. Ct. 62, 27 L. Ed. 378. In the first of these two cases the county borrowed from a bank for the purpose of providing present funds for the immediate payment of county warrants, in anticipation of taxes which could be legally levied during the year 1906. The loan was evidenced by notes, all payable within that year, and there were funds in the hands of the treasurer, derived from current taxes, sufficient to·pay the bank· for the money expended by it for the county's benefit. The bank paid the money to the warrant holders, and was held to be subrogated to their rights. The court based its decision "upon the construction of the Constitution, that this paragraph does not prohibit the incurring of a liability for legitimate current expenses to be paid, or which may lawfully be paid, out of the taxes of that year." The warrants were ·perfectly valid, because a sufficient sum to pay them was raised ·by taxation during the current ·year, and they were negotiable. The bank therefore had a complete case, without relying at all upon the invalid notes.

The case at bar is different, in that the debt was not incurred to supply ·a casual deficiency, and it was not to be discharged during the year in which the contract, under which the liability arose, was made. In the Butts Case the court also· said: "We recognize the soundness of the rule that, where the Constitution of a state forbids, not only the borrowing of the money, but also the incurring of the liability which was discharged by the money borrowed, the lender is without remedy against the county to recover his money in any form of action, legal ,or equitable."

In McCrary v. City of Glennville, 149 Ga. 431, 100 S. E. 362, the Supreme Court of Georgia expressly refused to follow Chapman v. Douglas, supra, the other case relied on by the plaintiff, and, on the contrary, held that, "where a contractor constructed and installed a light and water plant in pursuance of an executory conditional contract of sale as described in the preceding notes, and delivered physical possession to the municipality, his right of action to recover the property, or to enforce the payment of the contract price by the city, was necessarily dependent upon the agreement by which title was reserved in him, and that agreement, being contrary to the express provisions of the Constitution, was illegal, and not enforceable in law or equity." Such was the ruling in the McCrary Case although the petition prayed that the city of Glennville be compelled "to either pay the balance due under the contract or surrender the property on such terms as may be equitable."

[1, 2] The Supreme Court of Georgia, as it appears to us upon a careful consideration of its decisions, is committed to the view that it would be an evasion of the constitutional provision in question to uphold an implied obligation of a county or municipality to pay a debt which had not been incurred in the manner authorized by that provision. Giving due effect to this view of the highest court of the state, we are constrained to hold that the judgment of the District Court is correct, and it is affirmed.