21290. CALDWELL, administrator, *v.* CITY OF ROME.

JENKINS, P. J. 1. "Powers of all public officers are defined by law, and all persons must take notice thereof. The public can not be estopped by the acts of any officer done in the exercise of a power not conferred." Civil Code (1910), § 303; *Laing* v. *Americus*, 86 *Ga.* 756 (13 S. E. 107); *Town of Wadley* v. *Lancaster*, 124 *Ga.* 354 (52 S. E. 335); *Southern Express Co.* v. *B. R. Electric Co.*, 126 *Ga.* 472 (55 S. E. 254). "A municipality can not be held liable upon an implied contract for the value of any benefits received by it under a contract made with one of its officials, where the municipality is expressly forbidden to make such a contract. Such a contract, being void, can not be ratified by an acceptance or use by the municipality of the benefits furnished thereunder." *Mayor &c. of Hogansville* v. *Planters Bank*, 27 *Ga. App.* 384 (108 S. E. 480), citing *Hardy* v. *Gainesville*, 121 *Ga.* 327 (48 S. E. 921); *Horkan* v. *Moultrie*, 136 *Ga.* 561 (71 S. E. 785). See also *City Council of Dawson* v. *Dawson Waterworks Co.*, 106 *Ga.* 696 (6) (32 S. E. 907); *Neal* v. *Decatur*, 142 *Ga.* 205 (82 S. E. 546); *McCrary Co.*

v. *City of Glennville*, 149 *Ga.* 431 (100 S. E. 362); *Dobbs* v. *Brumby*, 150 *Ga.* 599 (104 S. E. 440); *Board of Lights & Waterworks* v. *Niller*, 155 *Ga.* 296 (6) (116 S. E. 835); 44 C. J. 122, § 2226.

2. In the charter of the City of Rome (Ga. L. 1918, p. 813, it is provided that the city commission shall be authorized to construct paving, but its powers are expressly limited in that it is further provided in detail how the cost of such paving shall be assessed and paid. Under these provisions of the charter, the city having paid in full the portion of the paving cost which the law placed upon it, it can not be required to pay out of its general funds another and different portion of the cost, which the provisions of the charter specify should be borne by the property owners. In this case the contractor entered into an agreement with the city whereby the city agreed to pay that portion of the cost of paving which the law placed upon it, and the contractor agreed to accept from the city the transfer to him without recourse of the fi. fas. to be issued against the property owners as in settlement of the remaining portion. On its being determined that the assessments could not be collected against the property owners, by reason of noncompliance by the city officers with certain regulations prescribed by the charter, the city could not be held liable for that portion of the cost on the theory that the transfer without recourse of the invalid fi. fas. rendered the city liable in the amount represented thereby on account of the prior failure of its officers and agents to comply with the requirements of law with reference to the paving enterprise; this for the reason that the city could not be made responsible for that portion of the cost placed by law upon the property owners, except from funds derived from such source, either by virtue of a promise, which it is not claimed was made, or by the negligence of its officers and agents in having failed to comply with the requirements of law so as to render the executions for assessments valid. Nor could the city be held liable on the theory that by accepting and receiving the benefits under the contract it impliedly promised to do that for which the agents themselves did not and could not bind it.

3. Section 76 of the charter of the City of Rome (Ga. L. 1918, pp. 813, 853) provides that *"whenever"* the commissioners shall deem it necessary to pave, etc., they *"shall"* have made a survey, etc., and may thereafter proceed to make the improvement *"as hereinafter provided."* Section 77 provides the basis of the assessments. Section 78 provides the manner of collecting assessments, authorizing the transfer of assessment fi. fas. without recourse, and stipulates that " (f) The method herein provided for the collection of the proportionate parts of paving accounts, from any and all persons and corporations liable therefor in favor of contractors and other transferees of executions, is for their use and benefit, and shall not be held or taken in any event to make the city liable on account thereof, or for court costs in contested cases or in any claim." Section 79 provides for the letting of construction contracts. Section 80 gives authority to grade and pave, giving and defining the method of exercising the power of eminent domain. Even were it possible to assume that the general authority conferred upon the commission to pave the streets of the city was not expressly limited

by the provisions declaring how, against whom, and in what proportions the cost thereof should be assessed, so that the city would have been authorized to construct pavements entirely at its own expense, in this case it was not sought to exercise such authority, and the contractor expressly recognized that the city was limiting its liability in accordance with the provisions of the charter, by undertaking to proceed in the manner and in accordance with the method therein prescribed, in agreeing to accept as part payment for the undertaking the transfer of the fi. fas. to be issued against property owners, as therein contemplated and provided for, and under preliminary steps which must necessarily have preceded the making of the contract. Accordingly, even were it to be assumed that the city, if it had seen proper, might have contracted for the construction of the pavement entirely at its own expense, to be paid out of funds levied for such one particular year (*Dawson* v. *Dawson Waterworks*, supra), it still could not be held responsible for such entire cost in this case, by reason of its acceptance of the benefits under the contract entered into, on the theory that in so doing it made or ratified an implied promise to pay the whole cost, for the reason that the parties, by the method of the plan adopted and by the terms of the agreement itself, plainly excluded any such promise. Nor would the negligence of the officers and agents of the city, in carrying out the work of the procedure actually adopted and contracted under, render the city liable under another and different procedure which was not adopted and which was plainly excluded by the express terms of the agreement itself.

4. Under the foregoing rulings, the court did not err in dismissing the plaintiff's petition on demurrer.

*Judgment affirmed. Bell, J., concurs. Stephens, J., concurs specially.*

DECIDED FEBRUARY 11, 1932.

*Wright & Covington,* for plaintiffs.
*Paul H. Doyal,* for defendant.