### 28808. BUFFINGTON v. CROWE.

DECIDED MAY 21, 1941. REHEARING DENIED JULY 22, 1941.

*Wood & Spence,* for plaintiff in error. *J. G. Roberts,* contra.

GARDNER, J. The defendant in error, herein called the defendant, made application to the authorities of the Town of Canton for a permit to construct a filling-station on a tract of land bounded "on the west by Marietta Street, and on the north by Jarvis Street and the Hasson property, and on the east by the Hasson property, and on the south by the property of J. L. Johnston." The plans for the filling-station required the extension of the approach to the filling-station from the streets across the sidewalks by a gradual levelling of the sidewalk for the approximate distance of the frontage of the lot on the streets. The plaintiff in error, herein called the plaintiff, filed objections to the grant of the permit. The many allegations of objections may be grouped around two main divisions: first, that the erection of the proposed filling-station will amount to a nuisance; and second, that the erection of the filling-station in the manner and at the proposed location would amount to an unlawful encroachment upon the streets and sidewalks of the Town

of Canton. At the hearing evidence was introduced to sustain the objections. Afterwards, the authorities of the Town of Canton entered a judgment sustaining the objections. The defendant petitioned for a writ of certiorari which was granted. Upon the hearing of the writ the court reversed the judgment of the authorities of the Town of Canton and the plaintiff excepted.

All assignments of error are abandoned save that the construction of the filling-station would result in an unlawful encroachment on the public streets and sidewalks of the Town of Canton. In its written judgment the trial court so aptly expresses the view of this court that we quote it: "The main contention made by the respondent is that the proposed construction by the applicant of passage-ways into and from the proposed filling-station, and across the sidewalks, would amount to a virtual obstruction thereof, and that for this reason the permit applied for should be refused, and in support of this contention, cites the following cases: *Schlesinger* v. *City of Atlanta,* 161 *Ga.* 148 (129 S. E. 861); *City Council of Augusta* v. *Burum,* 93 *Ga.* 68 (19 S. E. 820, 26 L. R. A. 340); *Sanders* v. *Atlanta,* 147 *Ga.* 819 (95 S. E. 695; *Mayor &c. of Savannah* v. *Markowitz,* 155 *Ga.* 870 (118 S. E. 558); *Laing* v. *Americus,* 86 *Ga.* 756 (13 S. E. 107); *City of Atlanta* v. *Milam,* 95 *Ga.* 135 (22 S. E. 43); *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (38 S. E. 389). An examination of these cases, however, will disclose that the uses of the streets and sidewalks there dealt with amounted to an actual occupancy and obstruction of the streets or sidewalks by the erection of substantial or permanent obstructions thereon, or an exclusive use thereof by persons or corporations for private purposes. No such state of facts is shown in the present case, and we think the present situation is controlled by the decision in *Howell* v. *Board of Commissioners of Quitman,* 169 *Ga.* 74 (149 S. E. 779)."

The question raised, the testimony adduced, and the ordinances involved in the *Howell* case, supra, are in the main almost identical with those in the instant case, and they are so well considered that we deem it unnecessary to do more than call attention to that case and the citations therein. We do not mean to hold that the municipal authorities of the Town of Canton would be obligated to grant a permit for the amount of frontage specified in the application. The municipality would have the right to reasonably regu-

late the amount of space to be used for ingress and egress; but the existence of this right in the municipality did not authorize the authorities of the Town of Canton to refuse to grant the permit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*