26449.   COSTELLO v. STYLES.

Argued April 12, 1971—Decided May 20, 1971—
Rehearing denied June 2, 1971.

*Harry R. DeLoach, Cowart & Cowart, Dan S. Cowart,* for appellant.

*James E. Findley,* for appellee.

MOBLEY, Presiding Justice. Mrs. Hellon B. Styles brought an ejectment action to recover a tract of land 25 feet long and 5 feet wide. Mrs. Verdie R. Costello and T. C. Denmark were named as defendants. Mrs. Costello asserts ownership of the land as life tenant. Summary judgment for the recovery of the land was granted to Mrs. Styles. Mrs. Costello appeals from this judgment.

The disputed property is vacant property in the business section of the City of Claxton. It is at the rear of two buildings, each of the parties owning one of the buildings.

Mrs. Styles asserts that the disputed property is included within the property conveyed to her in 1965 by W. L. Adams. She attaches to her motion for summary judgment certified copies of the deeds in her chain of title back to 1923. She submitted a plat made by a surveyor of the property acquired under her deed from W. L. Adams, showing that her property extends back to other property owned by her, which would include the property in dispute.

Mrs. Costello attached to her motion for summary judgment certified copies of deeds in her chain of title back to 1897. One of these deeds conveyed a strip of land 5 feet wide and 115 feet long, and Mrs. Costello contends that it is a portion of this strip, 5 feet wide and 25 feet long, that Mrs. Styles is seeking to recover. The parties do not claim under a common grantor.

The plat introduced by Mrs. Styles is not presumptive evidence of the facts set out therein, as there is no evidence that it was an official survey under *Code* § 23-1112. *Durden v. Kerby,* 201 Ga. 780 (41 SE2d 131).

There is no merit in Mrs. Styles' contention that the description in the deed under which Mrs. Costello holds title to her property is too vague to describe any land.

The rule of evidence in ejectment cases was changed by Ga. L. 1953, Jan. Sess., p. 63 (*Code Ann.* § 38-637), wherein it was provided that a prima facie case is made out by showing good record title for 40 years. Mrs. Styles asserts that she has shown good record title for 40 years, that she is presumed to have the right of possession accompanying such title, and that she thus has superior title to Mrs. Costello. This assertion overlooks the fact that Mrs. Costello has shown record title to the same property from another source for more than 40 years, and she, too, has presumptive

right of possession under her title.

*Code Ann.* § 38-637 is merely a rule of evidence under which the plaintiff in ejectment can make a prima facie case. It did not change the fundamental rules governing the ownership of property, and it does not deprive the defendant in ejectment of any defenses which he could have asserted prior to the passage of the act. *Shippen v. Cloer,* 213 Ga. 172, 174 (97 SE2d 563). Where the plaintiff and the defendant each appear to have good record title for 40 years from separate sources, other evidence must be resorted to in order to determine the owner of the legal title.

Neither party in the present case relies on adverse possession. According to the evidence of Mrs. Costello, the disputed property, which was vacant, had been used for many years by the owners of the store buildings adjoining it as an exit to the alley behind the buildings. When Mrs. Styles attempted to construct a building on the property, Mrs. Costello had the construction torn down, thus forcefully evidencing her denial of any right of possession in Mrs. Styles.

Mrs. Styles, as the movant for summary judgment, had the burden of showing that no issue of fact existed. She did not carry this burden, and the trial court erred in granting summary judgment to her.

*Judgment reversed. All the Justices concur.*