27930. SUTTON et al. v. CITY OF CORDELE.

NICHOLS, Justice. The City of Cordele filed an action in which it sought a permanent injunction to prevent the defendants from maintaining a permanent trespass (a store building) on portions of Sixth Avenue and Eleventh Street in the City of Cordele. After numerous pleadings, interrogatories and affidavits were filed, the trial court granted the plaintiff's motion for a summary judgment and the defendants filed an appeal. *Held:*

1. The motion to dismiss the appeal is denied.

2. Under decisions exemplified by *Muggridge v. State Hwy. Dept.,* 229 Ga. 670 (193 SE2d 849), the defenses attempting to show abandonment, etc. by the plaintiff city raised no issue where the undisputed facts showed that the defendants' property abutted streets of the City of Cordele and that such streets were maintained by the City of Cordele.

3. Evidence in the form of a certified copy of minutes of a meeting of the City Commission of the City of Cordele authorizing a lease agreement to be entered into so as to permit the defendants to construct an addition to their building in the street rights-of-way and that the period to be covered by such lease has not expired would not preclude the grant of a summary judgment for the city since any such lease agreement would be void. "Without express statutory authority, a municipal government cannot grant to any person the right to erect and maintain in a public street a structure . . . for his private and exclusive use." *Laing v. Mayor &c. of Americus,* 86 Ga. 756 (1) (13 SE 107); *Magrill v. City of Atlanta,* 32 Ga. App. 5, 7 (122 SE 641).

"Code § 89-903 provides: 'Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred.' In *Laing v. Mayor &c. of Americus,* 86 Ga. 756, 758 (13 SE 107), it was said: 'In dealing with public agents, every person must take notice of the extent of their powers at his peril; . . .' See also: *Macon Consolidated St. R. Co. v. Mayor &c. of Macon,* 112 Ga. 782 (38 SE 60); *Southern Exp. Co. v. B. R. Electric Co.,* 126 Ga. 472 (55 SE 254); *Mayor &c. of Savannah v. Markowitz,* 155 Ga. 870 (118 SE 558)." *City of Calhoun v. Holland,* 222 Ga. 817, 819 (152 SE2d 752).

Any structure constructed upon the street rights-of-way was done at the defendants' peril and was subject to being ordered removed without the payment of just

and adequate compensation as provided for by the Constitution for the taking of private property for public purposes.

4. The interrogatories filed in the lower court disclose without dispute that an encroachment upon the rights-of-way exists; thus, a summary judgment was authorized upon this issue.

5. The plaintiff filed as exhibits in support of its motion for summary judgment a certified copy of a map of the City of Cordele and a plat and affidavit over the signature of the county surveyor. The plat was not prepared by the county surveyor under order of court, and thus, was not presumptive evidence of the facts shown therein. See Code § 23-1112; *Durden v. Kerby,* 201 Ga. 780 (41 SE2d 131); *Costello v. Styles,* 227 Ga. 650 (182 SE2d 427). It was, however, having been duly certified, admissible in evidence (*Bunger v. Grimm,* 142 Ga. 448 (5) (83 SE 200)), and standing alone would authorize the grant of the summary judgment for the plaintiff. However, since the defendants introduced in evidence in opposition to the motion for summary judgment an affidavit of another land surveyor, with more than 10 years' experience, that it would be impossible to perform a survey of the boundaries of Sixth Avenue and Eleventh Street from the exhibits attached to the affidavit of the county surveyor or to perform a survey of the defendants' lots therefrom, an issue of fact was presented as to location of the line of the defendants' property with relation to the rights-of-way and this issue must be decided by a jury. For this reason alone the judgment granting the summary judgment for the plaintiff must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 15, 1973 — DECIDED MAY 31, 1973 — REHEARING DENIED JUNE 21, 1973.

*McDonald, Mills & Chasteen, Ben B. Mills, Jr.,* for appellants.

*Guy Velpoe Roberts, Jr.,* for appellee.