JOHN M. HILL, administrator, plaintiff in error, v. GEORGE BEALL, defendant in error.

(Atlanta, January Term, 1871.)

EXECUTORS AND ADMINISTRATORS—EVIDENCE OF TITLE AS ; ADMINISTRATOR—NONSUIT.*—An action was brought by the plaintiff, as administrator, to recover the possession of a piano from the defendant, as the property of his intestate, and,. upon the trial, he failed to introduce his letters of administration in evidence, or to prove the actual possession of the piano by him as such administrator, before the commencement of the suit, although. there was evidence that the piano had been appraised as the property of the intestate: ·
Held, That the plaintiff did not show such evidence of title as would authorize him, as administrator, to recover the possession of the piano from the .defendant, who claimed to hold it adversely to the plaintiff's intestate, and that there was no error in the Court below in granting a non-suit.

Trover. Non-suit. Before Judge Harrell. Terrel Superior Court. May Term, 1870.

John M. Hill, as administrator of A. C. Hill, brought trover against Beall for a piano, alleged to have belonged to intestate, and to be in Beall's possession. Beall pleaded that intestate, in his lifetime, sold the piano to one Duncan, and took his note for $300 00 therefor, and that said note was in the hands of said administrator.

608       *Plaintiff's attorney testified that A. C. Hill died in February or March, 1867; plaintiff is his administrator; ·as plaintiff's attorney he demanded the piano from Beall, who would not deliver it, saying that Duncan bought it from intes-

---

*EVIDENCE OF APPOINTMENT AS GUARDIAN.—Where .it appears from the record that 'Richard F. Stapler, one of the plaintiffs, sues as the guardian of Andrew H. Stapler, a minor, and no proof was offered to show his appointment as such, the recovery, of any interest claimed for a ward in absence of such indispensable testimony was contrary to law. Robinson v. McDonald, 2 Ga., 120; Hill v. Beall, 41 Ga. 607; Foster v. Stapler, 64 Ga. 766.

tate and gave it to Mrs. Beall, Duncan's daughter; that he supposed it was the property of intestate till his brother-in-law told him of said purchase. He admitted that said note was given for the piano and was sent to him by plaintiff, in Duncan's lifetime, to be delivered to Duncan, but said that Duncan died in July, 1867, before receiving the note. Duncan's administrator refused to accept the note when it was offered to him. Duncan and plaintiff were in the witness' office, and Duncan said he had bought it as aforesaid, but that he and the plaintiff had rescinded the trade, and the piano belonged to intestate's estate, and was in his possession subject to the order of plaintiff. After this and before Duncan's death, the piano was appraised as the property of said estate. There was evidence of the value and rental of the piano. No other testimony was offered.

Upon motion of defendant's counsel, the Court ruled out the said sayings of Duncan. Defendant's counsel then moved for a non-suit, because plaintiff's letters of administration had not been introduced as evidence, and because it was not shown that the piano belonged to intestate's estate at the time of demand.

The non-suit was granted. The rejection of Duncan's sayings and the granting of said non-suit, are assigned as error.

C. B. Wooten, by Hill & Candler, for plaintiff in error.
Hines & Hobbs, A. Hood, by E. H. Beall and R. H. Clark, for defendant.

609        *WARNER, J.

On the statement of facts contained in the record of this case, there was no error in the judgment of the Court below in awarding the non-suit.

Let the judgment of the Court below be affirmed.