FOSTER *et al. vs.* STAPLER *et al.*

The verdict for the plaintiffs in this case was contrary to law and evidence, because the plaintiffs failed to show that the legal estate in the premises was in them at the date of the demise laid in the declaration, and, on the contrary, the evidence affirmatively established title out of two of them.

Ejectment. New trial. Before Judge PATE. Dodge Superior Court. November Term, 1878.

This case was tried before Judge Grice, but the motion for new trial was overruled by Judge Pate. It is sufficiently reported in the opinion.

LANIER & ANDERSON, for plaintiffs in error.

L. A. HALL; D. M. ROBERTS; J. F. DeLACY, for defendants.

CRAWFORD, Justice.

This suit was brought by Thomas J. Stapler *et al.*, as heirs at law of Thomas Stapler, deceased, to recover a lot of land in the possession of Foster & Armstrong, and who claimed to be the owners thereof. On the trial a verdict was rendered for the plaintiffs, and the defendants being refused a new trial, they seek to reverse that judgment as error.

The grounds of the motion for a new trial relied upon before this court are—

1. Because the verdict is contrary to the evidence, and to the principles of justice and equity.

2. Because the verdict is contrary to law.

These grounds may be considered and disposed of together. The plaintiffs set up and rely upon a demise of Thomas Stapler to them in the year 1867. An examination of the testimony as found in the record, shows the fact to be that in that year the said Thomas was in life, and that it was in the year 1869 that he died. So that the

plaintiffs could not have been at that time the heirs of Thomas Stapler, nor could they make a "lease" when they did not own, neither could there be an *eviction* of a lessee in the absence of a lessor.

"In all cases where the title of the real plaintiff in the action of ejectment is controverted under the general issue, or other plea which puts in issue the title of the plaintiff, he must prove that he had the *legal estate* in the premises claimed at the time of the demise laid in the declaration." Tyler on Ejectment, 482; 12 *Ga.*, 166.

Even if this objection could be overcome, the proof shows that Thomas J. Stapler and Lydia A. Stapler, two of the heirs of Thomas Stapler, deceased, have sold and conveyed one-half interest in this land to Philip S. Holt, who has whatsoever of title was in them, and of course to that extent the verdict was contrary to evidence and without evidence to support it. It further appears from the record that Richard F. Stapler, one of the plaintiffs, sues as the guardian of Andrew H. Stapler, a minor, and no proof was offered to show his appointment as such, the recovery, therefore, of any interest claimed for a ward in the absence of such indispensable testimony was contrary to law. 2. *Kelly*, 120; 41 *Ga.*, 607.

Judgment reversed.