## HITCH *vs.* ROBINSON.

A plaintiff in ejectment must recover upon the strength of his own title, and cannot rely upon the weakness of that of his adversary. Where the plaintiff's evidence fails to show either title to the premises or prior possession with right to the same, or that the defendant went into possession as a mere wrong-doer, a verdict in his favor is contrary to law. Code, §§3014, 3366.

Judgment reversed.

April 8, 1884.

HALL, Justice.

## THOMASON *vs.* PHILLIPS *et al.*

Where a vendor sold land to a woman for herself and children, made a deed to her and them, and received a note from her, signed individually and as guardian of the children, believing at the time that she was such guardian, but she was not in fact so, and where, to a levy of an execution founded on a judgment against the mother individually, the children interposed a claim, and to an action for the purchase money they pleaded infancy, equity would entertain jurisdiction; and a bill alleging these facts, and praying that so much of the land might be sold as would satisfy his debt, and for other relief, was not demurrable. It would be inequitable to allow them to hold the land and refuse to pay the balance of the purchase money. They must either abide the contract or disaffirm and rescind it; and when this is done, the property re-vests in the original owner. 7 *Ga.*, 568; 6 Ala., 548; 15 Mass., 359; 1 N. H., 73; 8 Taunt., 39; 2 Kent's Com., 239.

(*a.*) The contract between the vendor and the mother for herself and her minor children was a void contract as to the infants, and the complainant can as well take advantage of the same as the infants; but the infants having disaffirmed the contract by pleading infancy to an action for the purchase money, cannot retain the land and not pay such purchase money.

(*b.*) A court of equity can do full and complete justice to all the parties; and to this end may ratify for the infants, if it be for their advantage, or may decree a sale of the property and reimburse them for the money paid. Code, §2731; Schouler's Dom. Rel.; Story's Eq. Jur., §241.

Judgment reversed.

March 18, 1884.

BLANDFORD, Justice.