JEFFERSON *et al. v.* PONE.

ATKINSON, J. A testator had nine children, two of whom predeceased him, each leaving a child. He made a will in which his children and grandchildren were beneficiaries. The second item of the will was as follows: "I will that after my just debts are paid, as provided in item one of this will, that my executor shall soon thereafter select three disinterested freeholders who will divide my land into the number of shares as I may have children and grandchildren then living, the grandchildren to receive only the share that their deceased parent would have received under an equal distribution of my estate; and when this division is made, then the same shall be reduced to writing and signed by said freeholders, and then filed for record in the office of the clerk of the superior court of said county, and the part so allotted to each child or grandchild shall be by my executor turned over to each of them, and they shall hold and enjoy the same for and during their natural lives, with the remainder over to their children; should either of my children die without issue, then their portion at their death shall be equally divided among any other children and descendants of children then living; the purpose of this will being to give the portion to be allotted, as aforesaid, to each of my said children and grandchildren, as a home for them for and during their natural lives, with remainder over to their children and my grandchildren,—the purpose being that the title

in my grandchildren shall vest the absolute fee in them." The sixth item of the will was as follows: "I give and bequeath to my granddaughter, Forrest Pone, the one quarter acre of land, with the house thereon, which is situated just north of my old home house in East Albany, Georgia, and also the sum of $25.00 in money, to be paid to her legal guardian; said lot and house to belong to said Forrest Pone for and during her natural life, with remainder over to her children, if any survive her; but should she die without issue, then said house and lot shall revert to my estate, to be divided among any other children and grandchildren, per stirpes and not per capita." *Held:* (*a*) There is no incompatibility between these two items, and they fall within the rule that a later clause in a will must be construed in harmony and not in conflict with an earlier clause, if such construction can fairly be given. Civil Code, § 3900. (*b*) The provision in the fifth item, wherein one of the grandchildren was given $1,000 "in addition to the equal portion" of the estate, does not evince a testamentary scheme that the special devise to the other grandchild, mentioned in item six, should not be additional to the devise in item two.

2. The judgment, being in accordance with the foregoing ruling, is
*Affirmed. All the Justices concur, except Fish, C. J., absent.*
JANUARY 13, 1916.

Injunction. Before Judge Cox. Dougherty superior court. April 10, 1915.

*S. J. Jones, R. J. Bacon,* and *R. H. Ferrill,* for plaintiffs in error. *James Tift Mann,* contra.