EDWARDS, administratrix, *v.* HUNT *et al.*

ATKINSON, J. On November 29, 1912, R. C. Hunt and J. H. Burgess signed a written contract that was attested as a deed, which stated that the parties "have agreed to exchange farms; that the said J. H. Burgess has agreed to exchange land lots numbers 447 and 525 . . for lots numbers 516 and 521 . . on conditions as follows: The said R. C. Hunt is to erect a dwelling on land lot No. 516 near the public road. . . The said R. C. Hunt further agrees to erect another house . . either on land lot 516 or 521, at the direction of said Burgess, like the house that J. H. Burgess built on land lot 447. . . The first house is to be completed by February 15th, 1913; also a barn as good as the one that is now on 447. It is further agreed that the said R. C. Hunt is to pay the said Burgess the value of the second house named, in cash or build the house sometime in the year 1913 by or before November 1st, 1913. Considering the value of lumber at the present price. The said J. H. Burgess agrees to give possession to said R. C. Hunt as soon as said buildings are completed for said Burgess." At the time of the contract the parties were in possession of their respective farms, but Burgess did not have title to his farm. Hunt performed the conditions imposed upon him by the terms of the contract, and the parties exchanged possession, but no other written instruments between them were exchanged. In 1915 Burgess moved from lots 516 and 521 when demand was made upon him for a deed to lots 447 and 525, on the ground that he did not have title to said lots and could not make a deed to them; whereupon successors to Hunt entered and retained possession of lots 516 and 521. On September 18, 1918, Burgess executed a deed purporting to convey the lots 516 and 521 received by him from Hunt; and later in the month his grantee instituted complaint for land against Hunt and his said successors who claimed by purchase from him, to recover said lots 516 and 521. A verdict was returned for

---

Ejectment, 19 C. J. p. 1039, n. 73; p. 1178, n. 30; p. 1199, n. 33.
Exchange of Property, 23 C. J. p. 209, n. 65; p. 218, n. 23; p. 220, n. 57.
New Trial, 29 Cyc. p. 787, n. 92; p. 824, n. 41.

the defendants, and the exception is to the judgment refusing plaintiff's motion for a new trial. *Held:*

1. The written contract between R. C. Hunt and Burgess was an executory contract for the exchange of land. The stipulation therein "to exchange" land implied that Burgess had title to the lots 447 and 525, and that he would convey them to Hunt.

2. The paper considered alone was not a conveyance of land.

3. As Burgess did not have title to lots 447 and 525 and did not convey those lots to Hunt, the written contract was never fully executed so as to cause title to lots 516 and 521 to devolve on Burgess, the plaintiff's grantor.

4. The plaintiff must rely on the strength of his own title. In the circumstances he would have no better standing than Burgess, his grantor.

5. In the light of the foregoing rulings, the charge of the court as complained of in the motion for a new trial was not erroneous for any reason assigned, and the rulings on admission of evidence show no cause for reversal.

6. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 5243. JANUARY 11, 1927.

Complaint for land. Before Judge Irwin. Haralson superior court. December 4, 1925.

*Price Edwards* and *J. S. Edwards,* for plaintiff.

*Griffith & Matthews,* for defendants.