VICK, administrator, *v.* GEORGIA POWER COMPANY.

870

No. 10196.  MAY 28, 1934.

872

874

*Watkins Edwards* and *Joseph M. Lang,* for plaintiff.

*H. G. Vandiviere,* and *Colquitt, Parker, Troutman & Arkwright,* for defendant.

J. R. HUTCHESON, J. (After stating the facts.)   The burden was on the plaintiff to make out his case as brought, by a preponderance of the evidence, and to do so with that degree of clearness and certainty as would show his right to recover on one of the following grounds:   (1) That his intestate died seized and possessed of the land in dispute.   (2) On prior possession alone.   (3) On title in his intestate by prescription.

■   The intestate, Abner M. Vick, it appears from testimony of plaintiff, had moved off the disputed land, allowed the houses to burn, fences to decay, and the place to grow up in waste or pasture land some time before he died.   It further appears that the intestate, before he moved off the place, signed an acknowledgment of tenancy to J. C. Allen, agreeing to look after the place and keep trespassing off for Allen.   In these circumstances, under no view of the case could the deceased be deemed to have died seized and possessed of this land.

■   One may recover land on proof of prior possession alone, where the defendant entered the land without any lawful right thereto; but if the defendant was equitably entitled to enter, though his title lacked the formalities of a perfect title, such an entry would defeat the claims of the plaintiff which rested upon prior possession alone.   Powell on Actions for Land, 398; *Ashley* v. *Cook,* 109 *Ga.* 653, 655 (35 S. E. 89) ; *Glover* v. *Cox,* 130 *Ga.* 476 (61 S. E. 12).

■ Where A received a deed to the west half of land lot number 266, and under such deed took possession of a tract on lot 239 on the east side lying adjacent to said west half of lot 266, and occupied said tract on lot 239, built houses and fences, cultivated and occupied the same for a home place for a number of years, thinking that he was on lot 266, and sold lot 266 to B, presuming that he was conveying the house place, the tract on 239 in dispute, the tract he thought was on 266, such a conveyance will be deemed in law to be an outstanding title to that part of 239 in dispute along with 266. And where B thereafter, and before suit was brought, conveyed the west half of said lot 266 to C with the same presumption and intention in his mind, B will be estopped from thereafter asserting title in himself as administrator of A as against D; and especially is this true where B pointed out to D the true lines of lot 239, allowed fences to be built around lot 239, inclosing the disputed tract, without interposing objections or notifying D of his intention to assert title in A.

■ An outstanding title in a third person generally defeats a recovery by plaintiff in an action for land. "The possession of the defendant is a protection against all who seek to disturb it until the true owner comes to assert his right. To him the defendant is answerable for mesne profits. And it is enough for him to show that the party suing is not the true owner, but that the paramount title is outstanding in another. This principle is hoary with age. We bow to it reverently." *Sutton* v. *McLeod, 29 Ga.* 589, 594.

In the instant case Abner M. Vick conveyed the west half of lot 266 to D. H. Vick, presuming that he was conveying the house place; and D. H. Vick, before suit was brought, conveyed the west half of lot 266 to Neal Gentry with the same presumption and state of mind, making no reservation whatever as to the disputed tract on lot 239. The defendant, therefore, showed an outstanding title to lot 239, the disputed part, in Neal Gentry, a third person.

■ Summing up the case as a whole, it will be noted that plaintiff contends that the written acknowledgment of tenancy by Abner M. Vick under J. C. Allen was an admission only, and should be scanned with care. Giving to plaintiff the most charitable view possible, there could be no further adverse possession by Abner M. Vick as against J. C. Allen after the date of this acknowledgment, 1906, until Abner M. Vick should give J. C. Allen some notice of

# 878

his intention to claim title in himself and occupy the land as owner and not as tenant. *Stamper* v. *Griffin*, 20 *Ga.* 312 (65 Am. D. 628). Vick's possession after 1906 was at least permissive. Code, § 4164. The plaintiff having failed to show a prescriptive title, in his intestate by a preponderance of the evidence, and the defendant having shown an outstanding title to the disputed land in a third person, we do not deem it necessary to decide whether the defendant showed a prescriptive title to the land in dispute. The plaintiff failed to show that his intestate died seized and possessed of this land, or that he should recover on prior possession.

The court, therefore, did not commit error in directing a verdict for the defendant.

*Judgment affirmed. Beck, P. J., Gilbert and Bell, JJ., and Gaillard and Worrill, JJ., concur.*