BRIGHT *et al.* v. CUDAHY PACKING COMPANY.

No. 13801.  JULY 8, 1941.

*Rosser Malone* and *Hugh Shackelford,* for plaintiffs.

*Bennet & Peacock,* for defendant.

GRICE, Justice. Joseph Jefferson, not the actor who won applause of thousands by his masterful impersonation of Washington Irving's character, Rip Van Winkle, but a person by the same name, though less known perhaps to fortune and to fame, died a resident of Dougherty County, Georgia. Matters connected with his will have been acted upon officially by every one—eight in all—who have occupied the office of judge of the superior courts of the Albany Circuit for the last quarter of a century, and longer. In the present record are orders entered by Judges Harrell, Wilson, Bell, Custer, Cobb, and Crow. No order by Judge Gardner here appears, but a judgment rendered by him construing a portion of this will was reviewed by us in *Jefferson* v. *Bright,* 189 *Ga.* 866 (8 S. E. 2d, 821), a little more than a year ago. *Jefferson* v. *Pone,* 144 *Ga.* 543 (87 S. E. 665), is another case involving the same will which Judge Cox decided on April 10, 1915. The last signature of Judge Crow appearing in the record is dated April 22, 1941. This is a so-called ejectment suit. The declaration contains some of the ear-marks of that common-law action; resembles somewhat the pattern which the older lawyers used to refer to as the "Jack Jones" form for the recovery of real estate (Code of 1882, § 3389; *Tuggle* v. *Wilkinson,* 17 *Ga.* 90; *Dugas* v. *Hammond,* 130 *Ga.* 87, 88, 93-94 (60 S. E. 268); Georgia Bar Association Report for the year 1922, pp. 113 et seq.), and in other respects it bears the characteristic of a complaint for land under what is known as the Neel act, now embodied in our Code. These remarks are not to be taken as any criticism of the pleadings. Indeed, the record shows that a demurrer to the petition as amended was overruled, and, so far as appears, no exception was taken to such ruling. The foregoing observations are made solely for the reason that, as will presently be seen, we are here holding that the proposition of law on which we place our judgment is applicable and controlling, regardless of the form of the action, provided its object be the recovery of land; and therefore it becomes immaterial to definitely classify the action with which we are to deal.

Counsel for plaintiffs in error in their brief say: "There are only two questions involved in the case. They are (1) whether or not the court had the right to pass a fee-simple title when only a

life-estate was allotted to Cornelius Jefferson under the will of his father, Joseph Jefferson; (2) whether the court had the authority to sell the portion of land allotted to Cornelius Jefferson to pay the costs of the court, attorney's fees, etc., in full, without calling upon the other devisees to contribute their pro rata share toward these costs." Almost their entire argument is devoted to a discussion of these two questions, and many authorities are marshaled for the purpose of supporting their contentions. On the other hand counsel for defendant in error, while disagreeing with opposite counsel on both issues, insist that neither or both of those questions are controlling, but that there are other and independent reasons why the verdict is the only correct one that could have been rendered, and hence that the judgment under review must in any event be affirmed. These reasons are argued by counsel, and authorities cited. It is needless to take up seriatim the several grounds of defense relied on. It is sufficient if there be one solid foundation on which the judgment can rest. The declaration is in paragraphs. There were no admissions in the answer which relieved the plaintiffs of the burden of proof, including that of showing title. They showed no title. There is no evidence to the effect that Joseph Jefferson, the plaintiffs' ancestor under whose will they claim, ever had title or was ever in possession, or that the plaintiffs themselves were ever in possession. Code § 33-101 is in the following language: "A plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title. Where both parties claim under a common grantor, it is not necessary to show title back of such common grantor." While the marginal annotations thereto indicate that it is a codification of the decisions of this court in *Harrison* v. *Hatcher,* 44 *Ga.* 638, and *Hitch* v. *Robinson,* 73 *Ga.* 140, the principle there codified is much older than the Code. The rule that a plaintiff must recover upon the strength of his own title, and not upon the weakness of the defendant's, has been applied to equity suits involving title to land (*McCrea* v. *Georgia Power Co.,* 187 *Ga.* 708, 709, 1 S. E. 2d, 664), to complaints for land (*Edwards* v. *Hunt,* 163 *Ga.* 439, 136 S. E. 409; *Vick* v. *Georgia Power Co.,* 178 *Ga.* 869 (3), 174 S. E. 713), as well as to common-law ejectment (*Stanford* v. *Mangin,* 30 *Ga.* 355; *Foster* v. *Stapler,* 64 *Ga.* 766). There is no deed in the record into Cudahy Packing Company, and noth-

ing to show that both plaintiffs and defendant claim under a common grantor. For aught that appears in the record, the judge may have placed his decision, that the plaintiffs were not entitled to recover, on the very ground on which we base our affirmance of his judgment. It was sufficient without more, and provides a firm foundation, and one as solid as that on which Stone Mountain rests. See Powell on Actions for Land, §§ 129, 130.

However, the defendant, not having introduced any evidence, was entitled, not to a directed verdict, but to a nonsuit. *Zipperer* v. *Savannah,* 128 *Ga.* 135 (57 S. E. 311) ; *Atlantic Ice & Coal Co.* v. *Decatur,* 154 *Ga.* 882 (115 S. E. 912) ; *Gowen* v. *New Orleans Naval Stores Co.,* 157 *Ga.* 107 (120 S. E. 776). Direction is given that plaintiffs in error, when the remittitur is made the judgment of the trial court, have leave to vacate the verdict and to substitute therefor a judgment of nonsuit in lieu of the judgment entered on the verdict. If this is not done, then this affirmance is to operate unconditionally.

*Judgment affirmed, with direction. All the Justices concur.*