## DRAKE *v.* WRIGHT.

No. 17782. Argued February 12, 1952—Decided March 12, 1952—Rehearing denied March 25, 1952.

*Robert W. Cagle, Mitchell & Mitchell* and *Wm. H. Whaley,* for plaintiff.

*John G. Slappey,* for defendant.

ALMAND, Justice. R. H. Drake, in an action of ejectment against A. L. Wright, sought to recover a tract of land in lot 146 of the 14th district of Fulton County. He laid the date of his

demise as of January 25, 1948, and the date of his ouster as of October 26, 1948. The defendant asserted that he had a perfect equitable title to the tract sued for, by virtue of a contract of sale from one R. G. Thompson, dated August 26, 1947, under which he had made certain payments and had erected a house on the lot; and he tendered into court the balance due on the purchase money, and alleged that he had been in possession of the property since August 26, 1947, and prayed that the plaintiff's prayers be denied, but that, if they were granted, he, the defendant, have a verdict for $5000, with a special lien on the land.

On the trial before the court and a jury, the plaintiff introduced in evidence a warranty deed from Christopher G. Hilliard and Charles H. Grogan to himself, dated October 25, 1948, conveying the land in question, as well as certain warranty deeds out of the plaintiff and back into him, the last deed being dated July 8, 1950. He also introduced in evidence a deed from R. G. Thompson, as agent for Mrs. F. E. T. Perry, dated January 3, 1949, to the plaintiff, conveying the property in question; also a tax deed from T. E. Suttles, Tax Collector of Fulton County, to R. G. Thompson, agent for Mrs. F. E. T. Perry, reciting that the property in question was sold as the property of Lottie Grogan for taxes for the year 1938; also a contract of sale between "R. G. Thompson, Agt." and the defendant Wright, dated August 26, 1947, whereby Thompson agreed to sell and the defendant agreed to buy the land in question for a consideration of $510, the contract reciting the payment of $10 and the execution of 100 notes in the principal sum of $5 each.

At the conclusion of the plaintiff's evidence and without the defendant introducing any evidence, on motion of counsel for the defendant the court directed a general verdict in favor of the defendant, and entered thereon a judgment for costs against the plaintiff. The plaintiff's motion for a new trial being overruled, the case is here for review.

The plaintiff asserts title to the land under a demise from C. G. Hilliard and C. H. Grogan, dated October 25, 1948. He did not introduce any evidence showing that these grantors had any right, title, or interest in the property. He did not show a straight chain of title from the State, or a common source of title, or a prescriptive title. It thus plainly appears that he

did not make out a prima facie case, and that an order of nonsuit would have been proper. The plaintiff's sole contention is that it was error to direct a verdict for the defendant under these circumstances. The defendant contends that, the plaintiff having introduced in evidence the tax deed from Suttles to Thompson, agent for Mrs. Perry, and the contract of sale from Thompson to the defendant, and he (the defendant) having tendered the balance of the purchase money due under the contract and paid it into court, he had a perfect equitable title to the land and, a verdict being demanded for him, it was not error for the court to so direct.

Assuming, without deciding, that, if it appeared from the evidence that the defendant held a perfect equitable title to the land, the court under such circumstances could direct a verdict for the defendant, the evidence for the plaintiff did not authorize a verdict for the defendant on his claim that he had such title, for the reason that the alleged contract of sale shows on its face that it was the individual undertaking of R. G. Thompson, and not that of Mrs. Perry, the grantee in the tax deed. There is no evidence that Thompson had any interest in the land in question.

The defendant, not having introduced any evidence, was entitled to a nonsuit, but not to a directed verdict. Direction is given that the plaintiff in error, when the remittitur from this court is made the judgment of the trial court, have leave to vacate the verdict directed against him, and to substitute a judgment of nonsuit in lieu of the judgment entered on the verdict. If this is not done within 10 days from the time the remittitur is made the judgment of the trial court, this affirmance is to operate unconditionally. *Bright* v. *Cudahy Packing Co.*, 192 *Ga.* 584 (15 S. E. 2d, 880).

*Judgment affirmed with direction. All the Justices concur.*