19086. West Lumber Company *v.* Georgia Air Line Railroad.

Hawkins, Justice. This is an ejectment suit, brought in the fictitious form, by which the plaintiff sought to recover a strip of land hereinafter described. The petition named three alleged lessors, but only one demise referred to therein is involved under the evidence, since no evidence was offered to support the other two demises. The one relied upon is that, on January 1, 1892, Georgia Air Line Railroad demised to petitioner lands lying and being in Gwinnett County, Georgia, and described as follows: "Beginning at a point in the northwesterly right-of-way line of the Southern Railway (original A. & C. A. L. RR) southbound main tract [track], located 100.00 feet northwest of the center line of the said southbound main track, measured along a line at right angles to the said center line, at a point 68.00 feet northeast of Southern Railway Mile Post 621; and running thence in a southeastwardly direction, a distance of 80.00 feet to a point opposite, and 20.00 feet northwest of the said center line of the southbound main track at survey station 6 ÷ 90; thence in a southwestwardly direction a distance of 210.5 feet to a point opposite and 26 feet northwest of said center line of the southbound main track at survey station 9 ÷ 00, thence in a southwestwardly direction, a distance of 200.0 feet to a point opposite, and 25 feet northwest of the said center line of the southbound main tract [track] at survey station 11 ÷ 00; thence in a southwestwardly direction a distance of 100.1 feet to a point opposite and 20 feet northwest of the said center line of the southbound main tract [track] at survey station 12 ÷ 00; thence in a southwestwardly direction, a distance of 100.1 feet to a point opposite, and 25 feet northwest of said center line of the southbound main track at survey station 13 ÷ 00; thence in a southwestwardly direction, a distance of 200.0 feet to a point opposite, and 25 feet northwest of the said center line of the southbound main track at survey station 15 ÷ 00; thence in a southwestwardly direction a distance of 200.1 feet to a point opposite, and 20 feet northwest of the said center line of the southbound main track at survey station 17 ÷ 00; thence in a southwesterly direction, a distance of 368.1 feet to a point opposite and 20.0 feet northwest of the said center line of the southbound main track at survey station 20 ÷ 68.1; thence in a northwesterly direction by a line forming an interior angle of 79°-06 with preceding course, a distance of 81.47 feet to a point in the said Southern Railway 100 foot right-of-way line; thence in a northeastwardly direction along the said right-of-way line of the Southern Railway, parallel with and at all points 100 feet, measured at right angles, northwest from said center line of the southbound main track, a distance of 1366.6 feet to

the point and place of beginning." The defendant, West Lumber Company as tenant in possession, filed its plea and answer, denying its guilt of the wrongs charged against it, and alleging that it and those under whom it claimed had been in adverse possession of the premises sued for under valid muniments of title for more than seven years prior to the bringing of the suit; and pleaded the statute of limitations as to the claim for mesne profits accruing more than four years prior to the commencement of the action. Upon the trial of the case, the plaintiff introduced as evidence of its title a deed to Georgia Air Line Railroad from J. W. Buchanan, conveying the following described property: "All the land contained within one hundred feet in width on each side of the track or roadway (measuring from the center) of any portion of the lot of land hereinafter described, through which said railroad may be constructed, run and operated. The land hereby conveyed being cut off and a portion of Fractional Lot Number Two Hundred & Forty Nine and Land Lot Number Two Hundred & Fifty in the 6th District of Gwinnett County, Ga., beginning at station on fractional lot (west side) Twelve Hundred & Fifty and running northeast through both the fraction and Lot 250 to Station 846 on the location of said railroad"; and also a deed from M. H. Parrish conveying to the railroad the following described property: "All the land contained within one hundred feet in width on each side of the track or roadway (measuring from the center) ˈof any portion of the lot of land hereinafter described, through which said railroad may be constructed, run and operated. The land hereby conveyed being cut off and a portion of Land Lot Number Two Hundred & Fifty of the 6th District of Gwinnett County, Ga., beginning at Station 846 on the location of the railroad and running through said lot on the location thirty feet east of Station 855"; these deeds being dated February 18 and 19, 1869, respectively, and properly recorded. The plaintiff also introduced the testimony of two civil engineers, who testified that they had prepared the plats identified as plaintiff's Exhibits 3 and 4, which were also introduced in evidence, and that the property described in the petition was properly shown on these plats, and that, according to the examinations made by them of the records and the premises, the property described in the petition included the lands referred to in the deeds. However, reference to these plats discloses that no part of the property sought to be recovered and described in the petition is located in Land Lot 249, but all of the land in dispute is located in Land Lots 247 and 250. There is no evidence whatever as to the location of Stations 1250, 846, or 855, referred to in the descriptions of the land contained in the Buchanan and Parrish deeds. It was stipulated that the title of both the plaintiff and the defendant was derived from these common grantors. After verdict and judgment for the plaintiff, the defendant filed its motion for a new trial based upon the general and seven special grounds and to the judgment denying its motion the defendant excepts. *Held:*

1. While there is a line of authorities which holds that, "Where property is conveyed by a grantor to a railroad company for the purpose of its right-of-way, without full description of the land conveyed, the occupancy of a particular route by the grantee with the consent of the grantor will identify and locate the property conveyed for such purpose" (*Jackson* v. *Rogers,* 205 *Ga.* 581, 588, 54 S. E. 2d 132, and cases there

cited), this principle has no application in the instant case, for the reason that the deeds relied on by the plaintiff contain a definite and specific description of the lands thereby conveyed, as being a strip of land 100 feet wide on each side of the track or roadway of the grantee railroad company; one deed describing the land as beginning at a given station on the line of the railroad in one fractional numbered lot of land, and extending into another numbered lot to another designated station on the line of the railroad, and the other deed describing the land as beginning at a designated station and extending to another designated station in the same lot. This latter definite and certain description must prevail over the previous general description of a 200-foot strip through any portion of the lots thereinafter described. *Harrison* v. *Durham,* 210 *Ga.* 187, 188 (5) (78 S. E. 2d 482). It was, therefore, not error, as complained of· in the first and second special grounds of the motion for new trial, to admit in evidence the deeds relied upon by the plaintiff over the objection that the description therein was too vague and indefinite.

2. Since under the evidence in. this case, including the plats introduced by the plaintiff, it appears without dispute that the grantor Buchanan did not own any fractional part of the west side of Lot No. 249, but only a small portion of the northeast corner of this lot, and that no part of the· property sought to be recovered is located in Land Lot 249, and there was no evidence whatever to locate any one of the three stations on the line of railroad referred to in the Buchanan and Parrish deeds, it was error for the trial judge to instruct the jury as complained of in special ground 4 of the motion for a new trial: that "Now in this case there is shown a legal title in the plaintiff, Georgia Air Line Railroad, to the lands involved as derived from the two deeds in evidence before you, one from James W. Buchanan dated the 18th day of February, 1869, and the other from M. H. Parrish dated February 19, 1869, those deeds being of record in the office of the clerk of this court. And you are instructed that these deeds convey a title, legal title, to the land involved in this litigation."

3. It was likewise error, as complained of in special ground 5 of the motion for new trial, for the court to instruct the jury that their verdict should be for the plaintiff if they should find from the evidence that the plaintiff was in possession of the land in dispute prior to the time at which the defendant went into possession, unless they should find that the defendant had acquired title by prescription. This charge was not properly adjusted to the issues made by the pleadings, since the plaintiff did not seek a recovery based upon prior possession, but upon legal title.

4. Other special grounds of the motion for new trial have been carefully considered, and are either without merit or deal with matters not likely to occur on another trial.

5. Since, under the rulings above made, the evidence fails to identify the property sued for as being that described in the deeds relied upon as placing title in the plaintiff, it was error to overrule the general grounds of the motion for new trial.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1955—DECIDED OCTOBER 11, 1955—
REHEARING DENIED NOVEMBER 16, 1955.

32

*Johnson, Hatcher & Meyerson,* for plaintiff in error.
*A. C. Wheeler, Wheeler, Robinson & Thurmond,* contra.