## S04A0369. BROOKS v. GREEN.
### (594 SE2d 629)

CARLEY, Justice.

DeKalb County abandoned a 60-foot wide right-of-way which ran between property owned by Fred H. Brooks and land owned by the predecessors in title of Brian Jerrell Green. The County deeded to those predecessors the 30-foot half of the right-of-way which was adjacent to their land, and Green purchased the property as a subdivision lot in 1991. In 2001, Brooks obtained from the County a quitclaim deed to the 30-foot half of the right-of-way which bordered his property. Thereafter, Brooks filed this petition for ejectment, alleging that Green was claiming an 11-foot wide strip of land which was part of the property conveyed to Brooks by the quitclaim deed. After a bench trial, the trial court denied the petition in an extensive order, concluding that Green's subdivision lot included the entire 30-foot wide property which had been conveyed to his predecessors; that Brooks failed to establish by a preponderance of the evidence a chain of title to the land conveyed in the quitclaim deed; that his possession of such property under color of title did not commence until 2001; that the survey obtained by Brooks, which included the disputed 11-

---

[14] OCGA §§ 5-5-1; 5-5-23; 5-5-41.
[15] *Quintanilla v. State,* 273 Ga. 20, 21 (537 SE2d 352) (2000).

foot wide strip as part of his 30-foot wide portion and located it on Green's subdivision lot, was inaccurate; and, that Green's survey established the line between the parties' properties. Brooks appeals from this order.

1. Brooks enumerates as error virtually every substantive finding of fact and conclusion of law in the trial court's order, as well as several rulings at trial, all of which we have thoroughly reviewed. In his brief, Brooks primarily recounts the evidence which he presented at trial. If that evidence did not establish his title to the property as alleged, the defendant in ejectment was entitled to prevail. *Morgan v. Lester*, 215 Ga. 570, 573 (5) (111 SE2d 228) (1959). Even where, as here, the parties hold adjoining lands under deeds from a common grantor, the plaintiff is not relieved of the necessity of proving title to the land in dispute. *Sinclair v. Friedlander*, 197 Ga. 797, 803 (30 SE2d 398) (1944); 2 Hinkel, Pindar's Ga. Real Est. Law, § 23-104 (5th ed. 1998). However, Brooks failed to establish his title by any authorized method. See *Drake v. Wright*, 208 Ga. 853, 854-855 (69 SE2d 773) (1952); *Delay v. Felton*, 133 Ga. 15 (3) (65 SE 122) (1909). As the trial court recognized, Brooks did not present any testimony or documentary evidence that the County had title to the property purportedly conveyed by the quitclaim deed. Thus, he failed to make out a prima-facie case based on good record title for a period of 40 years. See OCGA § 44-2-22; *Costello v. Styles*, 227 Ga. 650 (182 SE2d 427) (1971). Brooks could not, and did not, seek recovery based upon prior possession, which requires that the defendant subsequently acquired possession by mere entry and without any lawful right whatsoever. OCGA § 44-11-2. See also *West Lumber Co. v. Ga. Air Line R.*, 212 Ga. 29, 31 (3) (90 SE2d 7) (1955). Nor did Brooks prove adverse possession for the requisite period, by color of title or otherwise. *Morris v. Beckum*, 145 Ga. 562 (7) (89 SE 704) (1916).

Even if Brooks did sufficiently establish title under the quitclaim deed, he was still required to show that the 11-foot wide strip of land being sued for was included in the description found in that deed. *West Lumber Co. v. Ga. Air Line R.*, supra at 31 (5). This question was clearly for the finder of fact, as the evidence was in conflict. See *Peters v. West*, 70 Ga. 343, 344 (5) (1883). Green presented evidence which authorized the trial court, as the finder of fact in this ejectment suit, to locate the parties' properties as set forth in the judgment. See *Franklin v. Towe*, 233 Ga. 950 (1) (213 SE2d 892) (1975); *Robertson v. Abernathy*, 192 Ga. 694, 697 (2) (16 SE2d 584) (1941).

2. Although Brooks objected to the expert testimony of Green's surveyor on the ground that he was not currently licensed, the surveyor testified to the contrary. Moreover, " '[t]he possession of a license in Georgia does not go to qualification as an expert witness but may go to the weight and credibility that a [factfinder] gives to

such expert's opinion.' [Cit.]" *Williamson v. Harvey Smith, Inc.*, 246 Ga. App. 745, 748 (3) (542 SE2d 151) (2000).

3. The trial court correctly admitted Brooks' survey into evidence, and did not act inconsistently with that ruling when it subsequently concluded that the survey did not meet the recordation requirements of OCGA § 15-6-67 and was not persuasive. See *Purcell v. C. Goldstein & Sons, Inc.*, 264 Ga. 443, 444 (1) (448 SE2d 174) (1994).

4. To the extent that remaining enumerations of error are not explicitly or implicitly resolved by this opinion, they are moot, or are abandoned pursuant to Supreme Court Rule 22 due to the complete absence of any argument or citation of authority, or are wholly without merit. *Braley v. State*, 276 Ga. 47, 54 (34) (572 SE2d 583) (2002); *Bailey v. Buck*, 266 Ga. 405, 407 (3) (467 SE2d 554) (1996); *Yancey v. Hall*, 265 Ga. 466, 470 (6) (458 SE2d 121) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 29, 2004.

*Billy R. Smith*, for appellant.

*McLarty, Robinson & Van Voorhies, John E. Robinson, Gregory H. Blazer*, for appellee.