**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 3, 2022**

# In the Court of Appeals of Georgia

A22A1157. FOLEY COMMONS PROPERTY OWNERS ASSOCIATION, INC. v. KRAMARICH et al.

PHIPPS, Senior Appellate Judge.

Following a bench trial in this dispute over the ownership of, and right of access to, part of an approximately 20-foot-wide alleyway in Athens, the trial court entered a verdict and final judgment in favor of respondents Catherine Kramarich and Alan Lantz and against petitioner Foley Commons Property Owners Association, Inc. Foley appeals, contending that the trial court erred by: (i) finding that the alleyway was neither (a) "unopened" nor (b) "abandoned" by Kramarich and other adjoining landowners; and (ii) failing to find that Foley acquired prescriptive title to the disputed part of the alleyway either as a private way or by adverse possession.

Because the trial court's rulings are supported by some evidence and there has been no showing of legal error, we affirm.

The alleyway at issue in this appeal runs roughly from east to west between Pinecrest Drive (on the east) and Northview Drive (on the west) and north of, and largely parallel to, Morton Avenue in Athens. Foley owns developed real property on the western side of Pinecrest Drive, immediately north of the alleyway (the "Foley Property"). Kramarich owns developed real property on the northern side of Morton Avenue, immediately south of the alleyway, and roughly 200 feet west of Pinecrest Drive (the "Kramarich Property").[1] The portion of the alleyway at issue in this appeal runs approximately 200 feet between Pinecrest Drive (on the east) and the northeastern corner of the Kramarich Property (on the west).

This case began in October 2018, when Foley filed a petition for declaratory and injunctive relief, naming Kramarich and Lantz as respondents, and seeking, in relevant part: (i) an injunction barring Kramarich and Lantz from accessing the alleyway; (ii) a declaration that Foley owns the disputed part of the alleyway; (iii) a declaration that the alleyway is closed to vehicular traffic; and (iv) monetary

[1] When this lawsuit began in October 2018, Kramarich and Lantz jointly owned the Kramarich Property. In March 2020, Lantz conveyed his interest in the property to Kramarich.

2

damages.[2] The case proceeded to a bench trial, following which the trial court entered a verdict and final judgment in favor of Kramarich and Lantz on each of Foley's claims for relief. This appeal followed.

1. We first address Foley's contention that the trial court erred by failing to find that Foley acquired prescriptive title to the disputed part of alleyway either (a) as a private way by seven years' uninterrupted use or (b) via adverse possession for seven years under color of title.[3] Where, as here, an appeal is filed from the entry of judgment following a bench trial, "we apply a de novo standard of review to any questions of law decided by the trial court, but will defer to any factual findings made by that court if there is any evidence to sustain them." *Central Mtg. Co. v. Humphrey*, 328 Ga. App. 474, 475 (759 SE2d 896) (2014) (citation and punctuation omitted). For the reasons that follow, we discern no reversible error in the challenged rulings.

(a) *Private way.* "Title by prescription is the right to property which a possessor acquires by reason of the continuance of his possession for a period of time fixed by

---

[2] While Kramarich asserted two counterclaims in her answer, she dismissed them before trial.

[3] On appeal, Foley has abandoned the claim asserted in its complaint that it acquired prescriptive title to the disputed part of the alleyway via adverse possession for 20 years, under OCGA § 44-5-163.

3

law." OCGA § 44-5-160. As relevant here, OCGA § 44-9-1 provides, "The right of private way over another's land may arise from . . . prescription by seven years' uninterrupted use through improved lands . . . ." A plaintiff seeking to establish a private way in that manner bears the burden of showing, inter alia, that he or a predecessor-in-title kept in repair and used for seven uninterrupted years an alleged private way no more than twenty feet wide. *Floyd v. Chapman*, 353 Ga. App. 434, 436-437 (1) (838 SE2d 99) (2020).

Importantly, Foley does not identify, and research has not revealed, any legal authority suggesting that one who has acquired a private way, without more, may exclude others therefrom. Cf. OCGA § 44-9-1 (referring to "[t]he right of private way *over another's land*") (emphasis supplied). And each of Foley's claims for relief is premised on the proposition that it owns, or otherwise has the right to exclude others from, the disputed part of the alleyway.[4] But because Foley has not shown that any

_____

[4] To the extent that Foley's claim for monetary damages did not require a finding that it either owns or has the right to exclude others from the disputed part of the alleyway, Foley has waived any appellate challenge it may have to the verdict and judgment against it in that regard by failing to raise any such challenge in its appellate briefs. See *Gresham v. Harris*, 349 Ga. App. 134, 138 (1), n. 10 (825 SE2d 516) (2019) (concluding that the appellant waived any claim that the trial court erred in making a certain finding "by failing to enumerate it as an error and provide any supporting argument" on appeal); *Karlsberg v. Hoover*, 142 Ga. App. 590, 594 (236

4

such rights would arise out of a private way (at least on the facts of this case), whether a private way has been established is irrelevant to Foley's claims for relief. This contention thus presents nothing for us to review.

(b) *Adverse possession.* Under OCGA § 44-5-161 (a), a party may establish prescriptive title by adverse possession where the possession: (i) is "in the right of the possessor and not of another"; (ii) did not originate in fraud, with exceptions not relevant here; (iii) is "public, continuous, exclusive, uninterrupted, and peaceable"; and (iv) is "accompanied by a claim of right." Accord *Simmons v. Community Renewal & Redemption*, 286 Ga. 6, 6 (1) (685 SE2d 75) (2009); *Ga. Power Co. v. Irvin*, 267 Ga. 760, 761-762 (1) & n. 2 (482 SE2d 362) (1997). And under OCGA § 44-5-164, "[p]ossession of real property under written evidence of title in conformance with the requirements of Code Section 44-5-161 for a period of seven years shall confer good title by prescription to the property," with other exceptions also not relevant here.

For purposes of adverse possession, the concept of "color of title" entails "a writing upon its face professing to pass title, but which does not do it, either from

SE2d 520) (1977) ("[A]n appellant is required in its initial brief to file an argument which supports any enumerations of error it does not wish to waive.").

5

want of title in the person making it, or from the defective conveyance that is used —

a title that is imperfect, but not so obviously so that it would be apparent to one not

skilled in the law." *Ponder v. Ponder*, 275 Ga. 616, 619 (2) (571 SE2d 343) (2002)

(citation and punctuation omitted). Thus, "[t]o entitle the possessor to the benefit of

his color of title, there must be a writing[,] it must purport to convey the property to

the possessor[,] it must contain such a description of the property as to render it

capable of identification, and the possessor must in good faith claim the land under

it." *Irvin*, 267 Ga. at 765 (1) (c) (citation, punctuation, and emphasis omitted). The

burden of establishing prescriptive title by adverse possession lies on the party

claiming it. *Kelley v. Randolph*, 295 Ga. 721, 722 (1) (763 SE2d 858) (2014).

The evidence here authorized the trial court to find that Foley did not meet its

burden of showing that it acquired written title to the disputed part of the alleyway.

Foley acquired the Foley Property via an August 2008 Limited Warranty Deed

executed by Pinecrest Six, LLC, as the grantor. Exhibit "A" to the August 2008 deed

describes the property being conveyed as a parcel of land "designated as '0.803

Acres'" in a June 27, 2008 plat of survey recorded in Plat Book G, page 122-B, of the

county real estate records. Exhibit "A" then lays out a metes and bounds description

of the property.

6

A comparison of the metes and bounds description of the Foley Property with the cross-referenced June 2008 plat shows that the property's southern boundary is defined as follows: "BEGINNING at an iron pin located South 76 degrees 27 minutes 44 seconds West 21.88 feet from the intersection of the rights-of-way of Burnett Street and Pinecrest Drive (40' R/W); running thence South 82 degrees 51 minutes 00 seconds West 197.05 feet to an iron pin . . . ." And in the June 2008 plat, the alleyway lies entirely to the south of that boundary. This evidence was sufficient for the trial court to find that Foley did not obtain color of title to the disputed part of the alleyway. See OCGA § 44-5-167 ("Possession under a duly recorded deed shall be construed to extend to all the contiguous property *embraced in such deed*.") (emphasis supplied); *Sitterli v. Csachi*, 344 Ga. App. 671, 672 (1) (811 SE2d 454) (2018) ("At a bench trial, the trial court can determine when essential facts have not been proved. The trial court's determination as a trier of fact will be reversed only where the evidence demands a contrary finding.") (citation and punctuation omitted).

Foley contends, however, that its color-of-title claim is supported by a March 2007 Limited Warranty Deed in which Robert B. Pease, III, as grantor, conveyed to Pinecrest Six (the grantor in the August 2008 deed to Foley) three tracts of land that ultimately became the Foley Property. But Pinecrest Six is not a party to this action.

7

What matters for purposes of Foley's claim of adverse possession under color of title is whether the subsequent August 2008 deed conveyed the alleyway to Foley. And, as stated above, there was some evidence supporting the trial court's conclusion that Foley was not conveyed the alleyway in the August 2008 deed (and thus does not own it), regardless of whether Pease or Pinecrest Six ever owned it. The March 2007 deed does not change that.

Finally, Foley also highlights the trial testimony of Ronnie Dale Hughes, who owns one of six townhomes on the Foley Property. According to Foley, Hughes testified that Pinecrest Six conveyed the disputed part of the alleyway to Foley in 2008. Even assuming, however, that Foley's description of Hughes's testimony is accurate, the trial court, as the factfinder, was entitled to find that any such testimony contradicted the August 2008 deed and to resolve that discrepancy against Foley. See *Brooks v. Green*, 277 Ga. 722, 723 (1) (594 SE2d 629) (2004) (in a bench trial, it was for the trial court, as the finder of fact, to resolve conflicts in the evidence as to whether certain land was conveyed in a deed); *Cousin v. Tubbs*, 353 Ga. App. 873, 875 (1) (840 SE2d 85) (2020) ("as the factfinder, it is the trial court's duty to reconcile seemingly conflicting evidence") (citation and punctuation omitted).

8

Consequently, the trial court did not clearly err when it rejected Foley's claim that it owns the disputed part of the alleyway.

2. Foley also contends that the trial court erred by finding that the alleyway was neither (a) "unopened" nor (b) "abandoned" by Kramarich and similar landowners. While Foley's argument on this issue is not the model of clarity, it appears to assert that: (i) any rights Kramarich may have had to the disputed part of the alleyway are in the nature of an easement; and (ii) Kramarich and her predecessors-in-interest abandoned such rights, as shown by an extensive period of nonuse and evidence that the western end of the alleyway — the end opposite the disputed portion — is closed off by trees, brush, and structures.

We first note that the trial court made no explicit findings that the alleyway was neither "unopened" nor "abandoned," likely because the parties affirmatively agreed that the court would not issue findings of fact and conclusions of law with its verdict and judgment. In any event, pretermitting whether such findings necessarily are implicit in the court's verdict and judgment, they are immaterial on the procedural posture of this case. That is because, given our ruling in Division 1 that the trial court did not err when it rejected Foley's claims that it acquired title to the disputed part of

9

the alleyway, Foley lacks standing to challenge any easement rights that Kramarich may have to that part of the alleyway.

Each of the claims raised in Foley's complaint and at issue in this appeal rests on the proposition that it has the right to exclude Kramarich and others from the disputed (i.e., paved) part of the alleyway because it owns that part of the alleyway.[5] In Division 1, we affirmed the trial court's ruling that Foley did not meet its burden of showing that it acquired title to the disputed part of the alleyway by adverse possession, which was Foley's sole claim to ownership. And Foley identifies no other basis for its claimed right to exclude Kramarich from the disputed part of the alleyway.[6] See generally *Floyd*, 353 Ga. App. at 438 (2) ("The term 'property' includes not only the land possessed, but also the rights of the owner in relation to that land. The owner has the rights to possess, use and dispose of the property and the corresponding right to exclude others from using the property.") (citation and punctuation omitted); accord *GeorgiaCarry.Org v. Atlanta Botanical Garden*, 306 Ga. 829, 844 (834 SE2d 27) (2019) (Peterson, J., concurring) (observing that "the

---

[5] See note 4, above.

[6] As stated above, Foley has not shown that its claim regarding a private way gives rise to the right to exclude others. See Division 1 (a), above.

10

right to exclude others from one's property" is "one of the most essential sticks in the bundle of rights that are commonly characterized as property") (citations and punctuation omitted).

Regardless of whether any rights Kramarich may have to the disputed part of the alleyway are in the nature of an easement, Foley lacks standing to challenge any such rights absent the authority to exclude others therefrom. See *New Cingular Wireless PCS v. Dept. of Revenue*, 308 Ga. 729, 732 (843 SE2d 431) (2020) ("[T]o maintain an action, a party must establish standing to sue on the ground asserted, which requires showing an injury in fact that was caused by the breach of a duty owed by the defendants to the plaintiffs and that will be redressed by a favorable decision from the court.") (citation and punctuation omitted); *Equitable Life Assur. Society v. Tinsley Mill Village*, 249 Ga. 769, 770, 771 (2) (294 SE2d 495) (1982) (concluding that an unincorporated association lacked standing to bring an action for negligent construction and maintenance of culverts and injunctions prohibiting others from maintaining a nuisance and developing any upstream properties, because the association had "shown no right of possession to any of the property claimed to have been damaged"); *Moses v. Traton Corp.*, 286 Ga. App. 843, 844-845 (1)-(2) (650 SE2d 353) (2007) (concluding that the plaintiff in a trespass action lacked standing

because: (i) his interest in the property was "not one whereby he [could] assert that he possesse[d] the land to the exclusion of others"; and (ii) "the subject property [was] not within the lot described in [his] deed"); see also generally OCGA § 9-11-17 (a) ("Every action shall be prosecuted in the name of the real party in interest."); *Phillips v. Selecto Scientific*, 308 Ga. App. 412, 412-413 (1) (707 SE2d 615) (2011) (observing that "[t]he real party in interest is the person, who, by the substantive governing law, has the right sought to be enforced" and that "a person may only challenge a ruling that has adversely affected his or her own rights") (citation and punctuation omitted). As a result, Foley's claim that the trial court erred by finding that the alleyway was neither "unopened" nor "abandoned" by Kramarich presents nothing for us to review, as it is immaterial to the outcome of this appeal on the facts and procedural posture of this case.[7] See, e.g., *City of Atlanta v. Atlanta Independent School System*, 307 Ga. 877, 880 (838 SE2d 834) (2020) (because the jurisdiction of

---

[7] We note that our ruling here is a limited one: that Foley has not met its appellate burden of showing that the trial court erred by rejecting Foley's claim that it acquired title to the disputed part of the alleyway via adverse possession. In so ruling, we express no opinion on who owns any of the alleyway, whether any such owner or owners may have the right to exclude others from some or all of the alleyway, and/or whether Kramarich's rights to the alleyway — if any — are in the nature of an easement or other property right.

the courts of this state "is confined to justiciable controversies, . . . the courts may not properly render advisory opinions") (citation and punctuation omitted).

*Judgment affirmed. Doyle, P. J., and Reese, J., concur*.